## STATE OF MARYLAND *vs.* JAMES MANLY.

By the new constitution, (8th art. and 1st sec.,) the civil and municipal offi-
cers of Howard District are to continue in office, as such, until the election
or appointment of officers under the new constitution.

The style or title of the old courts has not been changed, while the judges
under the old constitution continued in office.

The court, in September 1851, was held as the court of Howard District of
Anne Arundel county, and there never was such court as Howard county
court.

There being no such court in existence, the order of Baltimore city court,
to remove this case to "Howard county court," and the recognizance taken
for the appearance of the party before "Howard county court" were null
and void, and, notwithstanding the order of removal, the case still remains
in "Baltimore city court."

A writ of error to the judges of the third judicial district.
At May term 1851, the grand inquest for the body of the
city of Baltimore, presented the defendant, and he appearing,
an indictment charging him with an assault, with an intent
to murder one George Konig, was found a true bill at the
same term. On the 10th day of July 1851, the defendant
having made affidavit that he could not have a fair and im-
partial trial in that court, it was ordered, that the record of
the proceedings in the said cause be transmitted to *Howard
county* court, to be held at Ellicotts Mills, on the third Mon-
day of September, and the defendant being required, forth-
with entered into recognizance with two securities, in the
usual form, and requiring him to appear before "Howard
county" court, to be held at Ellicotts Mills, on the third Mon-
day of September.

The record being found defective, a writ of diminution was
issued, and a correct record was returned during the same
term.

On the third Monday of September in 1851, the State ap-
peared and moved the court, (sitting at Ellicotts Mills,) that
the defendant be called to come forth into court and answer
the charge, or that his recognizance aforesaid be forfeited;
and to cause the securities to bring forthwith into court the

body of Manly, (the defendant,) to answer the charge, or the recognizance be forfeited. These motions the court overruled, and ordered and adjudged, that the parties should not be called, and that the recognizance should not be forfeited, by reason of the non-appearance of Manly; and further, that the said record and proceedings should be returned by the clerk of this court to Baltimore city court, for want of jurisdiction in this court further to proceed in the premises. Thereupon the State, by its attorney, sued out a writ of error. The record, in its commencement, stated, that at "*a county court*" of the third judicial district of Maryland, begun and held, &c.

This case was argued before ECCLESTON, TUCK and MASON, J.

*Robert J. Brent* for the State.
*W. H. G. Dorsey* for defendant.

*Brent.* The record says, that at a *county* court held at Ellicotts Mills. The order of Baltimore city court is to remove the case to *Howard county* court, and the recognizance requires the defendant to appear at the same court. The final order of the court to which the case was removed, and which styled itself Howard District court, is, that the recognizance shall not be forfeited, that the court in which the case then was, had no jurisdiction; and because of this, the said court "ordered and adjudged, that the said record and proceedings should be returned by the clerk of this court to *Baltimore city* court, for the want of jurisdiction in this court further to proceed in the premises."

From such an order as this, will a writ of error lie? To prove that it will, he cited 1 *H. & J.*, 268. 2 *H. & G.*, 378. 12 *G. & J.*, 332. 7 *Clark and Fin.*, 52, *note*. 3 *Bin.*, 276. 1 *Bin.*, 644. 5 *How.*, 214. 12 *Wend.*, 327. 2 *Paige*, 487. 5 *Serg. and R.*, 146.

Whenever the inferior court, by its judgment, ends the case in that court, a writ of error may be issued out.

Admitting the case to be properly before this court on the writ of error, then the next enquiry is, had not the court jurisdiction, and ought it not to have called and forfeited the recognizance? There was certainly no other court to which the record could be sent, or be designed to be sent. The act of 1838, ch. 22, sec. 8, which formed Howard District, gives to it the title of "Howard District," part of Anne Arundel county; and such undoubtedly was the title or name of that portion of territory, until it was changed by the new constitution.

The order of the Baltimore city court was dated the 10th of July, after the constitution was adopted, in the manner prescribed therein, and went into operation on the 4th day of July, six days previously to the order for the bond was passed.

It is contended that the true title of the court to which the case was removed, is by the act of 1838, *ch.* 62, Howard District of Anne Arundel county: no doubt of this, and such continued to be its true title, until the constitution which gave it that title was abrogated. It is not its true title now: when did that cease to be its title? That is to be determined by the constitution which was adopted in July 1851; certainly that constitution does not give to it that title, or allow it to remain any longer a territory. Its original name is to be taken from it, and the territory once called Howard District of Anne Arundel county, is to be formed into a county with the title of Howard county, so soon as the provisions of the constitution, in relation to Howard county, go into operation. I contend that it ceased to be Howard District of Anne Arundel county, and became Howard county, on the fourth of July last, and this writ of error, being issued as after that date, could not be directed to the judges of Howard District of Anne Arundel county, that district no longer having legal existence. The territory, originally Howard District of Anne Arundel county, had become Howard county; the court was the court of Howard county. Who were the judges of it? Those who at the time the territory

18      v.1

ceased to be Howard District of Anne Arundel county, were the judges of the court of that territory.

This is simply a question of interpretation, and not like the caption of an indictment, a question of special pleading? What court did the judge of Baltimore city court mean when he directed the record to be transmitted by his officer to another court? Was there in existence any other court, which could be intended? Is it not certain to a common intent?

*Dorsey* for defendant in error.

The case in 10 *G. & J.*, 365, as well as the case cited already from 12 *G.*, 332, seems to authorise the issuing of this writ of error; upon the objection that the writ of error could not properly be issued in the case before the court, he did not insist.

The real question is, was the court below right in refusing to have the recognizance forfeited? Was the court, the correctness of whose order is impeached, Howard county court?

The constitution creates no county court in the State. If the whole State is to be divided into eight circuits, judges to be called circuit judges. But one judge in each circuit, instead of three, who were formerly appointed for each district. If the district court of Howard District was destroyed by the court on the 4th July, then every county court in the State was destroyed at the same time. By what authority did judge Nesbitt, *as judge of Baltimore city court*, send the record to any court? If the court which met, in what had been Howard District, was Howard circuit court, then the city court of Baltimore was, after the 4th July, no longer Baltimore city court, but was thereafter to be known by the name given to the court of criminal jurisdiction in that city.

If no such court as Howard county court was then in existence, the party could not appear in compliance with his recognizance. 5 *H. & J.*, *Morgan vs. Blackistone.*

3 *Yerger's Reports*, 281. The recognizance was to appear

on a certain day, and the court in which he was required to appear, did not meet on that day. Recognizance could not be forfeited. In the case before us, the court mentioned in the recognizance, was not on that day in existence. See also 3 *Danes Reports*, 224. 16 *Vermont Reports*, 64.

This is no question of intention. The court is to judge from the record. The record must not say in its recognizances and orders for the removal of a case, *the county court of Howard,* if the intention is, to send it to a court already in existence, and which must cease to exist, before the county court of Howard can have legal existence.

While Howard district, yet a part of Anne Arundel county, existed, cases could be removed to it from the city of Baltimore, because the one was, according to the division of our courts, adjoining the other, but Howard county being no part of Anne Arundel county, it will be difficult to remove cases to Howard county from any criminal court of Baltimore city, unless it can be shown that the one adjoins the other.

*Mr. Dorsey* gave the following as a list of the acts relating to removals. 1804, *ch.* 55, *sec.* 3. 1805, *ch.* 65, *sec.* 49. 1809, *ch.* 138, *sec.* 20. 1821, *ch.* 204, which in the case of *State vs. Dashiel,* 6 *H. & J.,* 268, was declared to be unconstitutional.

ECCLESTON J. delivered the opinion of the court.

The 1st sec. of the 8th article of the new constitution, makes Howard District a county, calling it Howard county; and declares that the inhabitants thereof, shall have and enjoy all such rights and privileges as are held and enjoyed by the inhabitants of the other counties in this State; and that is, civil and municipal officers, at the time of the ratification of the constitution, shall continue in office until their successors shall have been elected or appointed, and shall have qualified as such. The meaning of which surely is, that the civil and municipal officers of *Howard District,* shall continue in officer *as such,* until the election or appointment of officers under the new constitution. And that portion of the same article

which declares, that all rights, powers and obligations, incident to Howard District of Anne Arundel county, shall attach to Howard county, is gratified, so far as relates to the officers, by deciding the new county, to be entitled to their services, although continued in office, as the officers of Howard District, until the election of their successors.

Such a construction would make this article harmonize with the 8th sec. of the 10th article, which provides that officers holding commissions, under the State, shall continue to hold and exercise their offices, according to their existing tenure, until they should be superseded. This has been construed to give the judges power to hold the county courts, through the State, and the Baltimore city court, until the election of new judges. But it has not been supposed that the style of either of the courts was changed, whilst the judges under the old constitution continued in office. In the proceedings before us, the court from whence they were removed, or intended to be removed, is called "Baltimore city court," as late as September 1851. And yet, there would seem to be quite as much propriety, in calling the courts for the counties, circuit courts, and Baltimore city court, the criminal court of Baltimore, in consequence of the names given to the courts, under the new constitution, as to call the court of "Howard District of Anne Arundel county," *Howard county court.* The style of the court for that portion of Anne Arundel county, is prescribed in the act of 1838, ch. 22, sec. 4, and there is no change made in it by the new constitution, other than what relates to the courts in other parts of the State.

The expression, "all civil and military officers holding commissions under this State, shall continue to hold and exercise their offices, according to their present tenure, until they shall be superseded," can only be gratified to any practical, useful extent, by giving it the construction, that they had all the powers which were given to them, by the old constitution and the laws under it, to be exercised in the same manner, unless altered by some clear and manifest provision in the new constitution.

State *vs* Manly.

If the act of 1838, ch. 22, had never been passed, and there never had been a separate court for Howard District, although the convention should have converted that district into a new county, with its present name, still the court of Anne Arundel county would have continued to exercise jurisdiction over the new county, under the new constitution, until the election of judges; but it must have done so, as the court of Anne Arundel county, and not of Howard county.

Under this view of the subject, the court in September 1851, in Howard county, was held as the court of Howard District of Anne Arundel county. There was not then, and indeed there never has been, in this State, such a court as *Howard county court.* The order of Baltimore city court was to remove the case to "Howard county court," and the recognizance taken was, for the appearance of the party before "Howard county court." There being no such court in existence, the order of removal and the recognizance were null and void. And consequently the case was not removed from Baltimore city court, but remained in that court as if there had been no order of removal. We therefore think the court were right in refusing to forfeit the recognizance.

It was contended in behalf of the State, and admitted by the counsel for the defendant, that this is a case in which a writ of error will lie. The correctness of this position, is sustained by the decision in 10 *Gill and John.*, 365. *State vs. Murphy and Thompson.*

*Judgment affirmed.*