## HARVEY *against* RICKETT.

IN error, on *certiorari* to a justice's court.

The defendant in error brought an action of trespass in the court below, against the plaintiff in error, for taking his horse out of his pasture, and riding him. From the evidence there was some reason to suppose that the horse was taken by mistake, and not wilfully, the defendant having had permission from a person, who had a horse in the same pasture, to take his horse. The jury, however, found a verdict for the plaintiff below for 20 dollars. The plaintiff in error assigned for error the misconduct of the jury in ascertaining the amount of damages, which was done by each of the jurors marking down a particular sum, and then dividing the whole amount by six. The defendant in error pleaded *in nullo est erratum.*

*Per Curiam.* The damages assessed by the jury appear, under the circumstances disclosed by the return, to be excessive. But in matters of *tort* we do not interfere to reverse judgments on the ground of excessive damages. The mis-

ALBANY, January, 1818.

HARVEY
v.
RICKETT.

Where jurors agree, each one to mark down the sum he thinks proper to find as damages, and then to divide the total amount of those sums by the number of persons composing the jury, which result should be their verdict, a verdict thus found is irregular, and will be set aside.

On a *certiorari* to a justice's court, the plaintiff in error may assign, as error in fact, such matters as could not come under the observation of the justice, and, therefore, could not be returned by him; as the misconduct of the jury after they had retired to make up their verdict.

The plea of *in nullo est erratum* to an assignment of error in fact, is an admission of the facts assigned as error.

conduct of the jury, however, in ascertaining the amount of their verdict, is specially assigned for error; to wit, that it was agreed that each juror should mark the sum he found, and that the total amount divided by six should, without alteration, be the amount of the verdict. The defendant, in answer to this assignment, has pleaded *in nullo est erratum.* That the mode adopted by the jury, to ascertain the amount of the damages they should find, was such an irregularity as would vitiate the verdict in our higher courts, is very well settled; and if this may be assigned for error, the defendant, by pleading *in nullo est erratum,* admits the fact; (9 *Johns. Rep.* 159. ;) and the judgment, of course, must be reversed. The only question, therefore, is, whether such irregularity, or misconduct in the jury, can be assigned as error in fact. That such matter could not be assigned for error in any court, having the power to set aside a verdict thus irregularly found, cannot be pretended. But this power justices do not possess; and, unless irregularities of this kind can be corrected in this way, it is an evil without remedy, and that is a principle too pernicious in its consequences to be admitted. This is a matter which does not take place before the justice, and he, of course, cannot be compelled to notice it in his return. It is a matter this court cannot examine into upon affidavit; and there is no good reason why it should not be assigned for error in fact; and if not true, the defendant should take issue upon it. In reviewing the proceedings in justices' courts, we are not regulated by the rules applicable to writs of error. The statute does not view the proceeding in that light: We are to proceed and give judgment according as the very right of the case shall appear, without regarding any imperfection, omission, or defect in the proceedings in the court below in mere matter of form. Whenever any irregularity before the jury appears on the return, we have considered it properly before us, and have reversed the judgment for such cause; (10 *Johns. Rep.* 239.) and whenever any irregularity or misconduct in the jury has taken place, which does not appear, and could not be made to appear on the return, some mode ought to be adopted to reach the evil, and none more fit and appropriate occurs to

to the court than to allow it to be assigned as error in fact.

The judgment must, accordingly, be reversed.