### Ex parte H. J. WILLIAMS *vs.* ALBANY MAYOR's COURT.

An *assignment of errors in fact* is not abolished by the revised statutes in cases of *certiorari* removing justices' judgment.

February 5.

WILLIAMS obtained a judgment on verdict in the *justice's court* of the city of Albany, against S. L. Southard, who sued out a *certiorari* returnable in the *mayor's court* of Albany.  On the coming in of the return, Southard filed a *special assignment of errors*, assigning for error that the jury who tried the cause arrived at the amount of the verdict found by them, by each marking such sum as in his opinion the plaintiff ought to recover, adding the different sums together, and dividing the total by the number of the jury, viz. *six*, and adopting the quotient thus obtained, as the verdict which they found for the plaintiff.  The plaintiff ruled the defendant in error to join in error, who neglecting to do so, the plaintiff entered his default, and at the next term moved for and obtained a judgment of reversal.  The defendant in error subsequently made a motion to set aside the assignment of errors, and to vacate the judgment for reversal and proceedings had thereon, on the ground of irregularity ; which motion was denied by the mayor's court.  The defendant in error now asks for a *man-*

*damus*, directing the mayor's court to set aside the assignment of errors, &c.

*By the Court*, Nelson, J.  It was supposed by the relator that the provision of the revised statutes, 2 R. S. 257, § 180, authorizing a *certiorari* cause to be brought on to argument *without any assignment or joinder in error*, had totally abolished the use of an assignment of errors in causes removed by *certiorari* from justices' courts.  Admitting such to be the the construction of the statute as to the formal *general assignment of errors*, which presents merely questions of law, it could not have been the intenfion of the legislature to abrogate the use of an assignment of errors, where the errors do not appear on the face of the justice's return.  It would be intolerable, if misconduct of the jury, or improper practices of the parties, not coming under the observation of the court below, could not be corrected; and they could not but by the use of an assignment of error in fact.  The necessity of such a remedy is clearly pointed out in *Harvy* v. *Rickett*, 15 Johns. R. 87, and in that case adopted by the court; and it is not believed that the legislature contemplated to deprive parties of its benefit.

Motion denied.