## POST *vs.* BLACK.

A judge or justice of the peace cannot act as such on the trial of a cause where one of the parties is his second cousin.

A justice's return to a *certiorari*, stating the fact of his relationship to one of the parties to the suit before him, sufficiently establishes the fact for the purposes of the hearing of the *certiorari* before the common pleas, though the matter was not proved or admitted or even objected to on the trial.

ERROR to the Chenango common pleas. Black recovered a judgment against Post before a justice of the peace in an action of trespass. The latter brought a *certiorari* to the court of common pleas, and among other matters in the affidavit upon which the *certiorari* was allowed, it was stated that the plaintiff and the justice were related. In the return the justice, after he had answered the other parts of the affidavit, stated that he and the plaintiff were second cousins, but that nothing was said upon that subject on the trial. The common pleas affirmed the judgment of the justice.

*R. Balcom*, for the plaintiff in error. The objection of relationship is fatal. The justice and the plaintiff were in the fifth degree of consanguinity. (2 *R. S.* 275, § 2; *Edwards* v. *Russell*, 21 *Wend.* 63; *Foot* v. *Morgan*, 1 *Hill*, 654.) It is sufficient if the fact of relationship appear upon the return. (*Edwards* v. *Russell, supra.*)

*B. Cannon*, for the defendant in error. There was nothing said on the trial touching the alleged relationship, and what is stated in the return on that subject is extra-official, and furnishes no evidence of the alleged consanguinity. The plaintiff should have assigned the matter as error in fact.

*By the Court*, McKISSOCK, J. No judge can sit in any cause in which he is a party, or interested, or in which he would be excluded from serving as a juror on the ground of affinity or consanguinity to either of the parties. (2 *R. S.* 275, § 2.)

Post *v.* Black.

In this case, if the relationship be considered established, the justice was incompetent to serve as a juror, and consequently was disqualified from presiding as a judge at the trial. (*Foot v. Morgan*, 1 *Hill*, 654; *Edwards* v. *Russell*, 21 *Wend.* 63.)

The important question, however, is whether the relationship appears in such a manner as to be regarded by the court. For the defendant in error it is urged, that as there was no evidence or admission respecting it, on the trial, and as it was not there made the subject of an objection, or even spoken of, nothing could properly be stated respecting it in the return. The return, however, need not be confined to what took place at the trial. Whatever the justice was bound to return is proved by the statements of that document. As the fact of consanguinity was set forth in the affidavit, the justice was bound to answer respecting it, unless it was impertinent and foreign to the commencement, existence or progress of the action. This cannot be affirmed. It lay at the foundation of the whole proceeding. It referred to the jurisdiction of the court—the vital principle of the suit. Suppose the affidavit had stated that the justice had become a tavern-keeper since his election, or had tried the cause on Sunday, or in a neighboring county, would not his return on either of these points have brought the matter directly before the court, though he should add that the fact was neither admitted or proved on the trial? Had the justice been asked on the trial whether he was related to the defendant, it would have been his duty to answer truly, and he is equally bound to do so when the inquiry is made for the first time in the affidavit. The objection was not waived by the omission to notice it at the trial. In this respect it is unlike a similar objection to a juror; here it affects the jurisdiction, but in the other case it concerns only the proceedings after jurisdiction has been acquired. The question of jurisdiction may be raised at any time.

It is said, on behalf of the defendant in error, that the question of relationship can only be raised by the assignment of error in fact; that nothing on the subject having appeared on the trial, the defendant below against whom it is now set up

ought to have an opportunity of controverting it; and that it may be, moreover, that the justice may be unacquainted with the legal principles which determine such questions, and may suppose that a relationship arising from affinity continues after the dissolution of the marriage which created it, whether there were issue remaining or not. There may, no doubt, be an assignment of error in fact, notwithstanding the provision dispensing with an assignment and joinder in ordinary cases. (2 *R. S.* 257, § 180.) But the court has not sanctioned that course where the matter appears on the return; and in the only reported cases where it has been allowed, it was on the express ground that the fact alleged for error (misconduct of the jury) did not take place before the justice and could not therefore be mentioned in the return. (*Harvey* v. *Rickett,* 15 *John.* 87; *Williams* v. *The Mayor's Court of Albany,* 12 *Wend.* 266.) Here the fact is one which the justice is fully prepared to state, and he has stated it in explicit terms. And it is worthy of remark, that if the defendant in error conceived that it was not properly there, he might have had it stricken out on motion; or if there were other facts showing that the relationship had ceased at the time of the trial, he might have procured an amendment. The judgment must be reversed.

Judgment reversed.