## TIFFANY *vs.* GILBERT.

Where a judgment is rendered by a justice of the peace not residing in the same town with either of the parties, nor in an adjoining town, in violation of the statute, and there has been no waiver of the error by an appearance, and an omission of the defendant to take the objection, before the justice, a certiorari will lie to reverse such judgment, upon an assignment of error in fact.

In such a case the justice has no right to try the cause; and the defendant is not bound to appear, and object to the jurisdiction by plea in abatement; nor is the error waived, by his omission to do so.

ERROR to the Onondaga county court.   Tiffany brought an action of trespass on the case against Gilbert, before a justice of the peace residing in the village of Syracuse.   On the return day of the summons the defendant did not appear, but the plaintiff appeared, and declared against the defendant upon a warranty on the exchange of a horse for a cow; alleging that the defendant warranted the horse to be sound and true, but averring that he was not sound and true.   After the examination of a witness on the part of the plaintiff the justice rendered a judgment in his favor, against the defendant, for $31,78 damages and costs.   The defendant brought a certiorari to remove the judgment into the county court; and in that court he assigned for error in fact that Tiffany, the plaintiff before the justice, resided in the town of Pompey, in the county of Onondaga; that Gilbert, the defendant, resided in the town of Lafayette in the same county; and that the justice resided in and was a justice of the peace of the town of Salina, in said county, and was not a justice of the town wherein either of the parties resided, nor of a town next adjoining the residence of either of them; that the defendant had not absconded from his residence, and the plaintiff was not a non-resident of the county of Onondaga.   And the plaintiff in error insisted that, for the above reasons, the justice had not jurisdiction of the action, and ought not to have rendered the judgment therein.   The defendant in error put in a plea to this assignment of errors, alleging

Tiffany *v.* Gilbert.

that on the trial of the cause before the justice, Gilbert was present, by J. W. Brewster, his attorney, and might then and there have pleaded in abatement the matters and things assigned for error; concluding with a verification. The plaintiff in error replied, denying that he appeared, on the trial of the suit before the justice; concluding to the country. To this replication, Tiffany, the defendant in error, demurred, assigning the following causes: (1.) That the plaintiff in error had not denied or traversed the issue tendered by the plea, and yet had concluded his replication to the country. (2.) That the replication had set up new matter, viz. the non-appearance of Gilbert before the justice, when the same was not averred, or set up, in the plea; and yet that the replication concluded to the *country.* (3.) Because the replication tendered a new and immaterial issue, on the appearance of Gilbert before the justice. (4.) Because the replication attempted to put in issue the appearance of Gilbert before the justice; which fact óught to be proved by the record of the justice's proceedings, and by his docket. But that the replication did not conclude with a reference to such record, nor docket, nor with a verification. The plaintiff in error joined in demurrer. The county judge decided that although the replication might be defective in law, yet that the plea was insufficient, and he directed the judgment of the justice to be reversed, unless the defendant in error should amend. Whereupon the defendant in error waived his right to amend, and stipulated and consented that the attorney for the plaintiff in error might perfect judgment of reversal without the order of the court for such judgment; and that the judgment should have the same force and effect as if it had been entered upon a rule of court, after notice, and no other. Judgment was entered accordingly, for Gilbert, the plaintiff in error, and he brought a writ of error to this court.

*H. P. Winsor,* for the plaintiff in error.

*John Ruger,* for the defendant in error.

Tiffany *v.* Gilbert.

*By the Court,* GRIDLEY, J.   This case presents the question whether a certiorari will lie to reverse a judgment rendered by a justice, (without any appearance by the defendant in the court below,) in violation of the 8th section of the act relating to "*courts held by justices of the peace.*"   The objection did not appear on the face of the proceedings before the justice, nor by the testimony in the cause, but was taken by an assignment of error in fact.   It was not denied upon the argument, that if the error could be corrected on certiorari, this was the proper mode of presenting the question.   Indeed it has been expressly decided since the revised statutes have abolished the practice of assigning errors on certiorari, that a special assignment of error in fact is not within the provision, and that from the necessity of the case such errors must be corrected in the same manner as before the practice was changed by the statute.   (12 *Wend.* 266.   15 *John.* 87.)   It was however insisted, that the ground relied on for error was waived by the omission of the defendant below to appear and take the objection by plea in abatement.

The objection is founded upon the 8th section of the act before cited, (2 *R. S.* 159, [226,]) which declares that "*every action cognizable before a justice shall be brought before some justice of the town in which the parties or some one of them reside, or of an adjoining town.*"   The action in this case was brought before a justice residing in a different town, in direct violation of the statute; and there was no waiver of this error by *an appearance,* and omission by the defendant to take the objection. If it be waived at all, it must be because the defendant *might have* appeared and objected, but *did not.*   With respect to errors of law the rule is that when a party does not appear, he *waives nothing.*   And this must be an appearance *in the cause,* and not merely being present in the room, at the time of a trial. (5 *Hill,* 428.   13 *Wend.* 85.   2 *Hill,* 657.   1 *Cowen's Tr.* 524, 576, 3*d ed.*)   But this must be understood to apply only to such errors and irregularities as are not cured by the act concerning amendments.   (2 *R. S.* 424.   6 *Wend.* 516.)

The error complained of in this cause, however, is one of fact; and we are referred to *Graham's Pr.* 956; 2 *Bac. Abr.*

Tiffany *v.* Gilbert.

492, for authority to show that error will not lie to correct in cases that might be reached by a plea in abatement. We have also consulted 2 *Bac. Abr.* 221 ; 2 *Saunders' Pl.* 101, and most of the cases cited by Bacon, and by Serjeant Williams in his note. The proposition is laid down generally in Graham's Practice, that a writ of error will not lie for an error which might have been the subject of a plea in abatement ; but the language in Bacon is not quite so broad. It is in substance that a writ of error will not lie to correct an error which has been *waived* by an *appearance* of the party and *his omission to plead the matter ·in abatement.* All the cases which we have had an opportunity to examine, cited by Bacon or Saunders in support of the general proposition, were such as show that the party had actually *appeared* in the cause, and *might* have made the objection, but instead of doing so put forth some other ground of defence. I do not doubt that the facts assigned for error would have been good as a plea in abatement. But the justice *had no right to try this cause at all*—I mean as the facts now appear, and not as they appeared before him. Suppose the defendant had lived in *another county,* and the summons had been served *out of the county,* and the fact had not appeared on the return of the summons, there is no doubt that a plea in abatement would defeat the action in that case, and so in many other cases that might be named. Yet no one would contend that the defendant is bound to appear at his peril, and that by not appearing he waives his legal rights and becomes remediless. In this very case it was the intention of the act to prevent the abuse of calling defendants to distant parts of a county, when the convenience of neither party required it ; and if we should hold the defendant to have *consented to the error* (for that is the meaning of a *waiver*) by not appearing, we compel him to *submit* to the very *inconvenience and abuse* from which the statute intended to relieve him. In 6 *Hill,* 631, the supreme court reversed a judgment, where the summons demanded $100 damages, but the declaration demanded only $50. The cause of action as declared on and proved was within the jurisdiction of the court. In that case

---

the defendant *might* have appeared and pleaded in abatement to the process; but it was held that he was not obliged to do so. The decision was put on the ground of a want of jurisdiction in the justice to issue the process.

In this case, if the objection had been made, there could have been no amendment, but the action would have been defeated, for the reason that by the statute a justice of *the town of Salina,* where the justice resided, *had no jurisdiction to try the cause.* The jurisdiction was made local, by statute; not in such a sense as to render the judgment *coram non judice,* as though the justice had entertained jurisdiction in an action of slander; but in a sense that rendered the judgment *erroneous.* The case was *illegally* tried, in a *town* where it could not. lawfully be tried, and before a court that had no pretence of right to entertain jurisdiction over it.

The judgment of the county court was correct, and must be affirmed.

