## WHEELER *vs.* THE NEW YORK AND HARLEM RAIL ROAD COMPANY.

The return of a constable, certifying the time and manner of his serving a summons upon the defendant, is presumptive evidence of what it states. If it appears from that return that the process has been regularly served, and nothing is shown, or offered to be shown, to the contrary, the justice is authorized to proceed in the action; and his judgment, if otherwise regular, cannot be controverted in the same, or a collateral suit.

Where the statute designates one or more officers of a corporation upon whom process against it may be served, the return of the constable is, in like manner, evidence as to the official character of the person served with such process, and of the facts which justify such service. BIRDSEYE, J., dissented.

But where the defendant appears in season, he may, notwithstanding the constable's return, raise and avail himself of the objection that the summons was not served in such a manner as to confer jurisdiction upon the justice.

Accordingly, where, in an action against a rail road company, the constable returned upon the summons that he had served the same personally on A. B., freight agent of the defendants, at &c., no person having been designated by them upon whom process might be served in the said county, according to the statute, and that no officer of the company resided within the said county, upon whom process could be served; *it was held* that the defendants should have been permitted to show that the service upon the freight agent was unauthorized by the statute, inasmuch as there was a resident director in the county.

APPEAL from a judgment of the Dutchess county court. The action was commenced before a justice of the peace, by a summons issued on the 16th day of July, 1855. Upon this summons the constable made the following return:

"The within summons personally served on the within named defendants, this 16th day of July, 1855, by serving said summons, personally, on William H. Fowler, freight agent of said defendants, at the North East station, in the town of North East aforesaid, no person having been designated by said defendants upon whom process may be served in the said county of Dutchess, according to the provisions of section 14 of an act entitled an act to amend the act entitled an act to authorize the formation of rail road corporations, and to regulate the same, passed April 2d, 1850, passed April 15, 1854, and that

no officer of the within named rail road company resides within the said county of Dutchess, upon whom process can be served.

PETER FRISS, Constable."

On the return day of the summons the plaintiff appeared and filed his complaint, in writing, and the cause was adjourned until the 31st of July. The parties then appeared, by their counsel, and the defendants asked and obtained leave to answer. The defendants' counsel produced an affidavit showing that Albert J. Akin, one of the directors of the defendants' company, at the time of the issuing of the summons resided, and still resided in the town of Pawlings, in the said county of Dutchess. The defendants moved to quash the summons and dismiss the suit, on the ground that the summons had not been legally served, so as to obtain jurisdiction of the persons of the defendants, because, 1. Service of said process could not be legally made upon Fowler, he not being an officer, superintendent or managing agent of the defendants; and 2. Because at the time of issuing of said process, before and ever since, Albert J. Akin was one of the directors of the company of the defendants, and was a resident, then, before and ever since, and still was a resident of Pawlings, in said county of Dutchess, and a person upon whom process could be served. The motion was denied by the justice. The defendants then put in an answer, and the cause proceeded to trial. The action was brought to recover damages for injuries done to a pair of oxen belonging to the plaintiff—one of them being killed—by the engine of the defendants, upon their rail road. The jury found a verdict in favor of the plaintiff, for $70 damages; and the justice rendered a judgment for that sum, with costs. The county court, on appeal, affirmed the judgment, and the defendants appealed to this court.

*R. G. Dorr,* for the appellants.

*S. Wodell,* for the respondent.

S. B. STRONG, J. The return of a constable certifying the time and manner of his serving a summons· upon the defendant, is undoubtedly presumptive evidence of what it states. If it appears from that return that the process has been regularly served, and nothing is shown, or offered to be shown, to the contrary, the justice is authorized to proceed in the action, and his judgment, if otherwise regular, cannot be controverted in the same or a collateral suit. Where the statute designates one or more officers of a corporation upon whom process against it may be served, I am inclined to think that the return of the constable is in like manner evidence as to the official character of the person served with such process, and of the facts which justify such service. This principle seems to be necessary, in the administration of justice, as the magistrate could not otherwise be protected where the officer should make a false return in a jurisdictional particular. But it seems to me that the reason (the inability to obtain information upon the subject of the return) is inapplicable when the defendant appears in season and offers to prove that the process has not been legally or at all served upon him. There the justice is or may be apprised, at once, that he ought not to entertain jurisdiction over the defendants; for, in truth, no action should (or, but for the reason which I have mentioned, could in any case) be sustained against one who had received no legal notice of its institution or pendency. I am not aware of any case where it has been decided that a defendant who appeared in season could not raise and avail himself of the objection that the primary process had not been served in such a manner as to confer jurisdiction upon the magistrate. In this case I think that the defendant should have been permitted to show that the service upon the freight agent of the company was unauthorized by the statute, as there was a resident director in the county

The declarations of the engineer, at a time subsequent to the accident, were not legitimate evidence against the company, and should not have been received. True, they had no bearing upon the only point in controversy—the sufficiency of the service—but they had a tendency to show negligence, and may

have misled the jury. Indeed it is probable that such evidence induced the jury to decide the action upon a point foreign to the case, as the weight of evidence upon the point actually involved was in favor of the defendant.

The judgment of the justice and of the county court, should be reversed.

EMOTT, J., concurred.

BIRDSEYE, J. The statute respecting the commencement of suits in justices' courts, (2 *R. S.* 228, §§ 13–16,) and the summons issued in pursuance thereof, make it the legal duty of the constable to serve the process, in a certain manner, and to return thereon, in writing, the time and manner in which he executed the same. Upon a familiar principle, whatever he does and certifies in the performance of this official duty is evidence, and, as between parties to the process, or privies, conclusive evidence, and not liable to collateral impeachment. (*Cowen & Hill's Notes to Phil. Ev.* 1047, 8, 1083, 5, 7.) But it is nowhere made the duty of a constable, receiving for service a summons against a rail road corporation, to ascertain or to certify whether there be any director or other officer of the corporation on whom process can be served, according to the existing provisions of law, resident in his county, or whether the corporation has failed to designate some person on whom such process can be served, and to file such designation in the office of the county clerk. (*See Laws of* 1854, 613, 614, §§ 14, 15.) Of what effect the constable's certificate or return on either of these points can be, I do not perceive. As to the latter, for instance, the county clerk is the proper person to certify. If the constable has any knowledge or information in regard to it, he must obtain the same from the clerk. If he obtained it orally, how can we know that he correctly understood, or remembered, or certified the statements made to him. If he obtained the written certificate of the clerk, (which would undoubtedly be good evidence of the designation, or of the failure to file it, (2 *R. S.* 552, § 12,) why should

not the court have the same evidence. Upon what principle, or by what authority, may he suppress it, and give his own cer-tificate of that fact, and without even referring to the certificate of the clerk ?   The same remarks apply to the alleged non-resi-dence of any officer on whom process can be served, according to the existing provisions of law.   Perhaps a constable who is personally acquainted with every resident of his county, or who personally knows all the officers of a rail road, as well as the fact that each of them resides in some specific place out of his county, may truly make the return or certificate made by the constable in this case.   But it cannot be presumed that any constable, much less that *every* one, would possess this knowl-edge.   No constable is bound to obtain such knowledge.   And if he certifies to it, I know not how his return can become even *prima facie* evidence of the matters he states.

As then the justice of the peace could obtain jurisdiction of the action by such a service on the freight agent of the defend-ants as was made in this case, only in case of the non-residence in Dutchess county, of some one of the superior officers of the company, on whom, by law, process could be served, and then only by the failure of the company to designate some other per-son in the county on whom such process could be served ; and as there was no legal evidence before the justice, upon either point, I do not see that he obtained any jurisdiction of the action whatever, or had any power to adjourn from the 25th to the 31st of July.

When the defendants appeared upon such adjourned day, and took the objection that one of the directors of the defendants did not reside in the county, and made proof of that fact, and moved to dismiss the summons and the suit, the justice denied the motion, insisted that he had acquired full jurisdiction of the action, and proceeded to hear it and give judgment.   In so do-ing, he must have proceeded on the ground that the return of the constable, stating the facts which alone conferred jurisdic-tion, was not only evidence, but conclusive evidence of those facts. I think he was in error in holding the return conclusive.   As I have already said, I do not think it was even prima facie evi-

dence. It was, so far as these facts are concerned, an unofficial statement, and therefore merely *hearsay*. (*See Williams* v. *Merle*, 11 *Wend.* 80, 82.)

When this objection, properly taken and sufficiently supported, had been overruled, the defendants answered and went to trial on the merits. This was no waiver of their objection to the jurisdiction. (14 *John.* 481. 4 *Barb.* 320, 545. 9 *id.* 60. 11 *id.* 309.)

I entertain no doubt that the evidence of the declarations of the engineer, made subsequent to the time when the plaintiff's cattle were injured, in regard to the defectiveness of the light on the engine, at the time of the supposed accident, was improperly admitted. He was a competent witness for either party. His declarations were clearly not a part of the *res gestæ*. It is only where the agent's declarations are so, that they are evidence against his principal. (4 *Wend.* 394.

Without examining the other questions in the case, I am of opinion that the judgments of the county court and the justice must be reversed.

Judgments reversed.

[KINGS GENERAL TERM, January 13, 1857. *S. B. Strong, Birdseye* and *Emott,* Justices.]