SAMUEL SNOW, Plaintiff in Error, *vs.* WILLIAM HARDY, Defendant in Error.

WRIT OF ERROR TO THE DISTRICT COURT OF RAMSEY COUNTY.

The District Court has the right upon certiorari, to reverse a judgment of a Justice of the Peace rendered upon a verdict of a jury, when the record shows gross misconduct on the part of the jury.

A judgment cannot be rendered upon a majority verdict, unless the express consent of both parties is shown, and a statement in the record showing "that at the *suggestion* of the Counsel for the defence, the Counsel for the Plaintiff consented to accept a majority verdict," does not show such consent or agreement on the part of the Defendant's Counsel, nor would a consent be binding where one party knew beforehand that such majority verdict would be in his favor.

The following are the points and authorities of Counsel for Plaintiff in Error :

*First.*—The return of the Justice shows that the Jury before whom this cause was tried were guilty of gross misconduct.

*Second.*—When a Juror so grossly misbehaves himself as

to show that he had no just sense of the responsibility of his action, the verdict ought to be set aside. 1 *Hill* 211.

*Third.*—If there is the slightest suspicion that the separation of the Jury was abused to the injury of the party, the verdict will be set aside. 2 *Cow.* 589.

*Fourth*—The verdict was against the weight of evidence.

*Fifth*—The verdict of the Jury is a nullity—it is the decision, not of the whole, but of a part of the Jury. If the Jury could not agree they lost jurisdiction of the cause.

The Defendant in Error presents for the consideration of the Court the following points and authorities:

*First*—The statute only provides for a writ of certiorari to Justice Court, when the Judge of the District Court shall be satisfied "that any error affecting the merits of the controversy has been committed by the Justice or Jury in the proceeding, verdict, or judgment," &c., &c., and the Judge of the District Court "must proceed and give judgment in the cause, (brought up by certiorari,) as the right of the matter may appear." This Court can review on a Writ of Error only errors of law in the judgment of the District Court, and if the District Court has passed upon the *cause* brought up from the Justice Court as *the right* of the matter appeared, what part of the judgment is reviewable here? *The verdict of the Jury* is not *judgment*, nor any *part* of the *judgment*. *Stat. Minn.* 1851, *p.* 349, *Sec.* 158—*p.* 356, *Sec.* 36.

*Second.*—The object of a Writ of Error is "to review and correct an *error of law* committed in the proceedings, which is not amendable, or cured at common law, or by some of the statutes of amendments or jeofails," and "is strictly a common law process and removes for examination nothing but the law." 2 *Bouv. Law Dic.*, *p.* 664, *Sec.* 3; 1 *Branch* 271; 1 *Curtis Com. Sec.* 185.

*Third.*—Misconduct of a Jury is no ground for *reversal of a judgment*, nor for *Writ of Error*. It is only *ground* for a *new trial* in courts of review, and general jurisdiction. Because, a party is not to blame for the misconduct of a Jury, and should not be made to suffer for their wrong doing, which he

would be made to do if judgments were to be reversed or affirmed merely for misconduct of a Jury. And where verdicts are set aside for misconduct of Jury, this is done to allow parties another trial. Under our statutes on a writ of certiorari the District Court has no authority to grant a new trial, but can only affirm or reverse, in whole or in part, the judgment below, or make any such final order or judgment as it shall deem proper. 1 *Graham & Waterman New Trials,* p. 62; *Stat. Minn.* 1851, p. 315, *Sec.* 120.

The District Court having affirmed the judgment below, committed no error by such affirmance. If the judgment of the District Court is not clearly contrary to *law,* upon the ground either that the said Court had no jurisdiction, or that there was clearly no cause of action or defence before the Court for adjudication, there is no error for this Court to review.

*Fourth.*—The granting of new trials was always a discretionary matter with the Courts, (3 *Blackstone* 272–303) and no Writ of Error would lie where new trial was refused, except expressly provided for by statute. Justices of the Peace being Courts of limited jurisdiction, never had, nor have they under our statutes any right or authority to grant or allow new trials. And if they have no such right by common law, nor by statute, how could the District Court order them to do (that is, have a new trial before them,) what the law does not allow them to do of themselves. The District Court had therefore no authority to order a new trial in this case. 1 *Bouv. Law Dic.,* p. 215, *Verbum Certiorari.*

*Fifth.*—But the paper book shows the Jury were guilty of no such misconduct as would entitle the party to a new trial, if there were power and authority anywhere to order such new trial. 1 *Graham & Waterman New Trials,* 97, 98, 100.

SANFORD & BEVERIDGE, Counsel for Plaintiff in Error.

BABCOCK & COTTON, Counsel for Defendant in Error.

*By the Court*—ATWATER, J.   This was an action commenced in a Justice's Court in Ramsey County, by Snow against Hardy, to recover the sum of $18 75, alleged to be due from the Defendant for rent of certain premises in the city of St. Paul.   The case was tried before a Jury, which having been out some four hours and unable to agree, the parties consented to take a majority verdict, when it was found that the Jury stood four to two in favor of the Defendant.   The Justice thereupon entered judgment in favor of the Defendant for costs.   The Plaintiff then removed the cause by certiorari to the District Court of Ramsey County, which Court affirmed the judgment below.   The Plaintiff then procured a Writ of Error to remove the cause to this Court.

The principal ground of error urged before the Judge of the District Court for a reversal of the judgment was the misconduct of the Jury before whom the cause was tried.   In regard to that, the return of the Justice stated in substance the following facts, viz: That the Jury having been duly sworn retired under the charge of an officer, and after about four hours retirement the Jurors stated that they could not agree, and asked to be discharged; that at the suggestion of the Counsel for the defence the Counsel for the Plaintiff consented to accept of a majority verdict, whereupon the vote of the Jury having been called, four of said Jurors were found to be for the Defendant, and two for the Plaintiff, whereupon judgment was rendered by me against the Plaintiff and in favor of the Defendant.   I hereby certify and return that the Jurors, while engaged in the consideration of the said case, were guilty of gross misconduct, and some of them were unmanagable; that three of said Jurors effected their escape from the jury room, and were absent therefrom for the space of a few minutes; that one of said Jurors left the building in which the said trial was had, and went to and was found in the saloon, as I was informed by the officer and verily believe, in Roberts street, and afterward returned to the jury room; that two of the Jurors went into a room adjoining the jury room, and in the presence of the Defendant and others talked

over and discussed matters relating to the case ; that said conversation in reference to the trial was held before the rendering of the verdict, and in my presence, in a room adjoining the jury room as aforesaid ; that one of them stated and said in presence of the Defendant that the Jury were standing four to two, and nothing could make him change his mind, and this before the Plaintiff 's Counsel consented to take a majority verdict ; that at the time of said conversation the Plaintiff's Counsel, Mr. Beveridge, was not present ; that during the time the Jury were in deliberation of the case, they succeeded repeatedly to open the door of the jury room, and threatened to escape and run away unless I would discharge them.

The Justice states further conversation between him and the Jury, which it is unnecessary to quote, but the whole of which goes to show that the trial was little more than a judicial farce, so far as the Jury were concerned, and clearly shows that the Jury were guilty of gross misconduct, and totally regardless of their obligations as jurymen. And it is difficult to conceive why the District Court should not have reversed the judgment on this ground alone, as it undoubtedly had the right to do. The statute is broad and provides that " if any person shall conceive himself injured by error in any process, proceeding, judgment, or order given by any Justice of the Peace within this Territory, it shall be lawful for such person to remove such judgment to the District Court," &c. *Stat. Min., p. 515, Sec.* 90. And in Section 120, of the following page, the power and duty of the Judge in rendering judgment is defined. Under a similar statute in New York, the Courts of that State have uniformly held that misconduct of a jury might be assigned as error in fact, and if found, would reverse the judgment. *Harvey vs. Rickett* 15 *John's Rep.* 87 ; *Rose vs. Smith,* 4 *Cow.* 17 ; 15 *John's* 455 ; *Bunn vs. Croul,* 10 *John.* 239.

It is urged by the Counsel for the Defendant in Error, that, although the Jury were guilty of misconduct, that fact cannot be considered by this Court on Writ of Error. There is strong reason to doubt whether this position is correct, as the

authorities show that errors of fact, as well as of law, may be considered on Writ of Error. *Post vs. Black* 5 *Denio* 66 ; *Tiffany vs. Gilbert* 4 *Barb.* 320 ; *Keenvuse* 3 *Sand* 653. But we deem it unnecessary to examine this point, as we are satisfied the judgment ought to be reversed on another ground, to wit: that judgment was entered upon a majority verdict. This point it is claimed, was not raised on the argument below, and this Court would perhaps not be bound now to consider it, although it has doubtless the right, and may even consider points not raised by Counsel either below or in this Court, if thought proper. In the case at bar, the Counsel for the Plaintiff in Error specifies this as one of the errors committed by the Justice.

It will not be contended that a judgment rendered in the manner in which this was, on a verdict of a part of the jury, can be sustained, unless the express consent of both parties is shown. The return of the Justice fails to show that such was the case here, as it appears only from the return, that "at the *suggestion* of the Counsel for the defence, the *Counsel for the Plaintiff* consented to accept of a majority verdict." Here is no agreement, or consent even shown on the part of the Defendant's Counsel to accept such a verdict—nothing that would prevent his afterwards objecting to such verdict, had he been disposed. But further than this, there is no consent shown on the part of the Counsel for the Plaintiff—no fair, honest consent which could or should have binding force. For the return of the Justice which states the consent, also shows how it was obtained, and that it was given in ignorance of certain facts which were in possession of the Defendant, and which, had they been known to the Plaintiff's Counsel, render it in the highest degree improbable that he would have accepted of a majority verdict. No intendment of law can be presumed in favor of such proceedings as the return of the Justice discloses, and the party obtaining judgment under them, must at least show himself strictly within the letter, where the spirit of the law has been so palpably violated ; and having failed to do this, the judgment must be reversed.