HOLMES *vs.* CARLEY.

Where towns corner together, although they do not touch each other at any other point except the corners, they are to be deemed *adjoining* towns, within the meaning of the statute authorizing actions to be brought before a justice of the peace of another town, in the same county, "next adjoining" the residence of the plaintiff or defendant.   (2 *R. S.* 226 § 8, *sub.* 3)   BAL-COM, J. dissented.

THIS action was brought before a justice of the peace of the town of Virgil.   Both parties resided in the town of Marathon, and the defendant raised the objection that the justice had not jurisdiction, for the reason that he did not reside in a town in which either party resided, or in a town *next adjoining* the residence of the plaintiff or defendant. The justice overruled the objection, and rendered a judgment against the defendant in favor of the plaintiff for $83.50 damages, besides costs.   The Cortland county court reversed the judgment, and the plaintiff appealed from the judgment of the county court to this court.

Holmes *v.* Carley.

*Horatio Ballard*, for the plaintiff.

*Dickinson & McDowell*, for the defendant.

PARKER, J. The question of fact, whether the defendant converted the plaintiff's wood, as alleged in the complaint, is disposed of by the decision of the justice, in favor of the plaintiff, as is also the question of the amount of damages. The question presented to this court, upon the appeal from the county court is, whether the justice had jurisdiction of the action. This question arises upon the following facts, which appear in the return. The parties, plaintiff and defendant, reside in the town of Marathon; the justice before whom the action was tried, resides in the town of Virgil, all in the county of Cortland. The towns of Marathon and Virgil do not adjoin each other, otherwise than by "cornering together," in the language of the admission. The south line of Virgil, produced east, being the north line of Marathon, and the east line of Virgil, produced south, being the west line of Marathon. The plaintiff brought this action against the defendant by summons, and on the return day, the defendant took the objection that the justice had no jurisdiction of the action, for the reason that the two towns, thus cornering together, were not *adjoining towns*, within the meaning of the statute, (2 *R. S.* 226, *sec.* 8, *sub.* 3, 1*st ed.*) The facts above stated being shown to the justice he held that he had jurisdiction, heard the cause and gave judgment for the plaintiff. The defendant appealed to the Cortland county court, which reversed the judgment of the justice, and from the decision of the county court the plaintiff now appeals to this court. The language of the statute, above referred to, is as follows: "Every such action" (actions cognizable before justices of the peace) "shall be brought before some justice of the town wherein either: 1. The plaintiffs or any one of them reside; or 2. Where the defendants or any one of them reside; or 3. Before some justice of

another town, in the same county, next adjoining the residence of the plaintiff or defendant." The object of this provision undoubtedly was, in the language of Justice Gridley, in *Tiffany* v. *Gilbert*, (4 *Barb*. 323,) "to prevent the abuse of calling defendants to distant parts of a county when the convenience of neither party required it." In conformity with this intention, the action must be brought before a justice, residing either in the same town with one of the parties, or in a town so near such town as actually to adjoin it. If this adjoining exists, however slightly, the statute is complied with—the objectionable and prohibited distance does not exist—and the abuse, against which the provision is aimed, is prevented. It cannot be denied that when two towns corner together, there is a point of contact between them; and if they are in contact, they adjoin each other. The point of contact is a point of junction at which they are united or joined together. The statute does not require any distance for which the junction must exist. The fact of a junction, or adjoining, is all that is required, to give the justice jurisdiction in such case. If it is said that it must exist for *some* distance more than a point, what criterion is there as to the necessary extent of the jurisdiction? I can see none. The precise distinction between the synonyms *adjacent, adjoining* and *contiguous,* is given by Worcester in his dictionary as follows: "What is *adjacent,* may be separated by the intervention of some other object; what is *adjoining,* must touch in some part; and what is *contiguous,* must touch on one side." But it is argued by the respondent that the words in the act, "next adjoining the residence" of the plaintiff or defendant, requires something more than that the justice should reside in a town adjoining the town in which the plaintiff or defendant resides, to wit,—that he must reside in the adjoining town which is nearest to the dwelling house of one of the parties. This effect is sought to be given to the term *residence,* from the fact that the justices' act of 1824 required the action to be brought in

the town or next adjoining town wherein either the plaintiff or defendant resided; and that by the existing act, "town" is changed to "residence." I do not think the change in the terms used implies any such intention as is claimed for it by the respondent. The term residence, as used in the present act, evidently means "town in which the plaintiff or defendant resides." This, I think, is the obvious construction of the term, when read in connection with the residue of the section. Besides, the restricted meaning sought to be given to it by the respondent, is impossible. Another town would not *adjoin* the residence of either of the parties, if by residence is meant the particular spot in a town where either resides—the dwelling house of the party. That, of course, if within a town, is separated from the adjoining town by a portion of the town in which it is situated—does not touch such adjoining town; unless, indeed, it happens to be situated on the line of the town. And it will scarcely be contended that the statute intends to allow the bringing of an action in an adjoining town to litigants so situated, to the exclusion of all other dwellings in the town. Nor does the use of the term "next," as qualifying the word adjoining, so restrict it as to require that the towns shall adjoin to any greater extent than do these towns of Virgil and Marathon, by "cornering together." One town touching another at a single point, is "next adjoining" it, within the meaning of the statute, as truly as if bounding it by the whole length of one of its sides. This is the only reasonable construction of the phrase in this connection; for if every town touching another is not next adjoining it, then there can be but one town next adjoining any other—for *next*, in the restricted sense sought to be given it, means nearer than all others: and that of two towns touching another, one should be nearer to it than the other is impossible; unless indeed reference is had to the respective areas of the two. In that case, the aggregate area of the one may be nearer than that of the other. Still but one of any number could be next adjoining,

and which one that is would require, oftentimes, and commonly, an accurate superficial measurement of the adjoining towns to ascertain. I cannot believe that the legislature intended to make the jurisdiction of justices of the peace dependent upon such mathematical calculations. I think the judgment of the justice was right, and should have been affirmed by the county court. The judgment of the county court should therefore be reversed; and that of the justice affirmed with costs.

MASON, J. delivered an opinion concurring in the above.

CAMPBELL, J. also concurred.

BALCOM, J. (Dissenting.) Freetown lies north of Marathon, and Lapeer west of Marathon—Virgil lies north of Lapeer, and west of Freetown. The southeast corner of Virgil, the northeast corner of Lapeer, the southwest corner of Freetown and the northwest corner of Marathon are one and the same point. Those corners are right angles, and each town is square or in the form of a parallelogram. The question in the case is whether Virgil is a town *next adjoining* Marathon, or whether when a square piece of land is divided into four square towns of equal size, a town in one corner of the square is "next adjoining" the one in the opposite corner. It seems to me such towns do not adjoin—that they do not visibly touch each other. To adjoin means "to lie or be next to, or in contact."

Whenever a square tract of land is divided into nine square towns of equal size, the center town adjoins only four of the others; and such four are the only ones "next adjoining" it. The center town does not adjoin the four in the corners of the tract by a visible touching. It is not so situated as to have eight towns next adjoining it.

The statute applicable to the question is, that the "action shall be brought before some justice of the town, wherein,

either, 1. The plaintiffs or any one of them reside; or 2. Where the defendants, or any one of them, reside; or 3. Before some justice of another town in the same county, next adjoining the residence of the plaintiff or defendant." (2 *R. S.* 226, § 8.) Both parties to the action resided in Marathon, and the action was brought before a justice of Virgil. My conclusion is that Virgil is not a town next adjoining Marathon, within the meaning of the statute above quoted; for these towns do not visibly touch each other. Before a town can be said to lie "next adjoining" another, I think the two should visibly touch each other. And as Virgil does not visibly touch Marathon, I am of the opinion the justice had no jurisdiction of the defendant in this action, and should have so held. It follows that the judgment of the county court reversing that of the justice was correct and should be affirmed.

Judgment of county court reversed.

[BROOME GENERAL TERM, May 8, 1860. *Mason, Balcom, Campbell* and *Parker*, Justices.]