CIRCUIT COURT FOR MULTNOMAH COUNTY, NOVEMBER TERM, 1870.

## J. P. KENNARD AND WIFE v. PETER SAX.

COVERTURE—PLEADING.—In an action against the wife alone, coverture at the time of making the contract should be plead in bar. When the objection does not go to the liability, but the fact is merely that the party has married since making the contract, the marriage is pleadable in abatement.

BILL OF REVIEW.—A suit in the nature of a bill of review, to set aside or modify a judgment or decree, is entertained by virtue of the original and not the appellate jurisdiction of the court.

ERROR OF FACT.—Errors of fact are such facts as affect the regularity and validity of the proceedings on the record, and still do not appear on it, and they may be put in issue in proceedings by writ of error or on certiorari.

MARRIED WOMAN—SEPARATE PROPERTY OF.—In order to charge the separate property of a married woman, in a judgment rendered against her upon a contract made during coverture, the record should show that the debt was contracted for the benefit of the separate estate, or for her own benefit on the credit of the separate estate.

AFFIRMATIVE RELIEF—DEFENSE.—It is not always the case that facts which would constitute a perfect defense, will afford grounds for affirmative equitable relief.

ERROR THAT DOES NOT PREJUDICE.—Where a judgment has been erroneously entered, without fraud, but the case shows that the amount is justly due from the party complaining, and that payment is withheld, equity will not interfere.

THE defendant had recovered a judgment for $79 25 against the plaintiff, Angeline Kennard, in a justice's court,

in an action for work done and material furnished in painting a house, and had sued out an execution, J. P. Kennard, the husband of Angeline, not being made a party to the action. In that action the defendant did not plead her coverture, but appeared and answered to the merits.

This is a suit to restrain this defendant from levying the execution on the property of the said Angeline. The plaintiffs allege that they were husband and wife *at the time of the alleged contract* for work and material, and still are such; "that the said Angeline has property in her own name," and that unless restrained, the defendant will cause the execution to be levied upon it; that neither of the said plaintiffs were indebted to the said Sax in said sum for which judgment was obtained, nor in any sum greater than $16; and that the said Angeline had tendered $16 for said work and material, which sum they allege was more than the value thereof. The proceeding upon execution had been stayed by a preliminary injunction.

The answer denies information or knowledge as to the plaintiffs being husband and wife. Avers that the said Angeline appeared by counsel in said justice's court and answered to the merits, failing to plead coverture, and that she was then justly indebted for the work and material in said sum of $79 25. That at the time of the contract and of doing the work, and at the time of the action, the said Angeline was living apart from her alleged husband. That the work was done at her request, on a house held in her own name and right, and that she, in making the contract, represented herself as a *femme sole* trader. The replication denies that she lived apart from her husband and denies making the alleged representations.

The defendant admitted the marriage of the plaintiffs, and without further evidence, the cause was argued and submitted, as upon final hearing.

*W. W. Thayer*, for the plaintiffs.

A judgment obtained against a *femme covert* cannot be enforced by execution. (*Watkins* v. *Abrahams*, 24 N. Y. 72; *Coon* v. *Brook*, 21 Barb. 546; *Williams* v. *Carrol*, 2 Hilton 438.)

A general debt made by a married woman is not chargeable against her separate estate. (*Curtis* v. *Engle*, 2 Sandf. 288.)

The general appellate jurisdiction conferred by the constitution on the circuit court is broader than appears by the express terms of the statute in regard to appeals and writs of review. This court can review the proceedings of a justice of the peace for *errors of fact* as well as of law, and where a writ of review will not lie, the remedy is by suit. (*Adsit* v. *Wilson*, 7 How. Pr. 64; *Valarino* v. *Thompson*, 7 N. Y. 576.)

*Kelly & Reed,* for the defendant.

Coverture must be pleaded in abatement. (Gould's Pl. ch. 5, ss. 85, 88; 2 Duer 679.)

If the wife represents herself as *sole* in making the contract, equity will not relieve. Nor if the amount claimed is justly due.

UPTON, J. The first question I propose to consider is the effect of the failure to set up the coverture in the justice's court.

It is said in Gould on pleading, p. 263, sec. 88: "Where a *femme covert* is sued alone she can plead her coverture *only* in abatement," * * * and "if she omits to plead it as a dilatory plea, she waives it, *so far as regards her own privilege,* and tacitly admits she is liable to be sued alone." But I think the author has in view the subject of coverture at the time of the action merely; and not coverture at the time of making the contract.

It is said, in 1st Chitty's Pl. 449: "Coverture at the *time* when the supposed *contract* was entered into, must be plead in bar," though formerly it might be given in evidence under the general issue; "but where the objection does not go to the *liability of the femme,* but is merely that the husband ought to have been sued jointly with her, as where, since entering into the contract, or committing the tort, she has married, she must, when sued alone, plead her coverture in abatement, and aver that her husband is living."

In this case the work was done on a house, the property of the wife, occupied as a residence of the family, during a temporary absence of the husband.

The pleadings are not conclusive as to whether or not she acted as the agent of her husband in contracting for the work. If she was merely the agent of the husband her coverture could have been plead in bar.

Formerly the husband might "at any time come in and plead the coverture in bar," and it was said, that, "if both of them omit to plead it and judgment is given against her, the judgment may be reversed by a writ of error." (Gould's Pl., ch. 5, sec. 89.) This authority points to proceedings at law as distinguished from equity; and it would seem that the coverture might formerly be set up after judgment, either in the court where the cause was tried, or by writ of error.

But our statute in regard to appeals declares: "A judgment or decree may be reviewed as provided in this chapter, *and not otherwise.*" Appeals from justices' courts are also limited by a similar enactment; and the statute does not authorize the court to hear a case on appeal or to exercise appellate jurisdiction, unless the case is brought into the appellate court by the prescribed mode for taking an appeal, or by writ of review. But I cannot see in this restriction, an invasion of the constitutional powers of the court, as is assumed in argument by the plaintiff, nor do I think the plaintiff has occasion to invoke the appellate jurisdiction of the court in this case. If he is entitled to relief from a judgment, and the relief cannot be obtained by appeal or by writ of review in the modes prescribed by statute; that is a sufficient ground for an original suit. I do not base this conclusion on the idea that the record made by a justice of the peace, cannot be disputed, on the writ of review. It has been held, that on certiorari, facts that do not appear in the record, such as infancy, coverture, or the death of a party, may be alleged as error. An *error of fact* is defined to be "such facts as effect the regularity and validity of the proceedings on the record, and still do not appear on it. (*Adsit* v. *Wilson*, 7 How. Pr. 68.) And it is held that in

proceedings by writ of error, or on certiorari, such facts may be put in issue, although they are not disclosed by the record. (*Harvey* v. *Rickett*, 15 John. 87; *Williams* v. *Albany Mayor's Court*, 12 Wend. 266; *Post* v. *Block*, 5 Denio, 66.)

Whether that practice is proper, under the writ of review prescribed in the code, it is not necessary to decide; but I see nothing in the code that directly prohibits it, and I think it would be assuming far less, to hold that such questions can be brought before the court on petition for a writ of review, than to hold that the constitution has clothed the circuit court with an appellate jurisdiction that has never been recognized by the legislature. I therefore conclude on this point, that the legislature has provided for the exercise of all the appellate power with which art. 7, sec. 9, of the constitution, has clothed the circuit court.

There can be no doubt of the power of the legislature to prescribe a reasonable limit to the time in which application for relief must be presented; and if the plaintiffs had no other remedy than by means of appellate jurisdiction, it is now too late for them to be relieved.

But the plaintiff, J. P. Kennard, was not a party to the action, and is not within the statutes in relation to appeals or the writ of review; he has not waived any right by failure to appeal.

As to the wife, the judgment in the justice's court cannot be enforced against her personally, and in order to bind her separate estate, the record of that case should show that the debt was contracted either for the benefit of her separate estate, or for her own benefit on the credit of the separate estate. (*Curtis* v. *Engel*, 2 Sandf. 288.) The code, sec. 30, requires the husband to be joined, unless the action concerns her separate property. And I am no way confident that she waived any rights by failing to allege her coverture, or by failing to appeal. The general doctrine of the disabilities of married women is against the position that she waived either her own or her husband's rights by pleading to the merits in the justice's court, in an action not there shown to be one affecting her separate estate.

If these plaintiffs are entitled to relief, equity must afford

it; and I think they are entitled, if the amount of the judgment was not justly payable by either of them.

It was a material allegation in this complaint in this suit, that the judgment was for a greater amount than was due; this was material, because it is not always the case that facts which would constitute a perfect defense, afford grounds for affirmative equitable relief. The plaintiffs ask affirmative relief, and for that reason it devolves on them to show, not only that the judgment is technically defective in law, but that it is against equity. And I think the burden of proof devolved on them to show that this allegation is true, notwithstanding its negative form, it being alleged in the complaint.

For aught that is shown, the amount of the judgment may be justly due from one of the plaintiffs; and as the work was done on a house belonging to the wife, it may have been an equitable lien on her separate estate. (*Yale v. Dederer*, 18 N. Y. 265; Story's Eq. Pl., sec's. 625 and 1,-397 to 1,400. Where, without fraud, a judgment has been erroneously entered, but the case shows that the amount is justly due from the party complaining, and that payment is withheld, equity will not interfere.

Whether it was originally a debt of the husband, or a charge on the separate estate of the wife, in either case it would be contrary to the course of equity practice, to interfere, to afford affirmative relief by setting aside the judgment, unless the plaintiffs show that nothing is due; or first pay, or offer to pay, the amount that is equitably due. I am not confident but that it would be the better practice to dismiss this bill, because the plaintiffs have failed to introduce proof on that subject. But as I cannot see that the judgment in the justice's court can be made available to this defendant, except by enforcing it in this proceeding if he shall be successful; and as it is evident from the course taken in the argument, that the omission of the proof arose from misapprehension, there are some reasons in favor of letting it in; and I think it is to the interest of all parties, that the controversy be terminated in this suit. If a trial of the issue of fact be ordered, the amount of the

demand can be determined as well in this cause as elsewhere. I shall therefore direct that that issue be set down for trial by a jury, and if the defendant thinks his claim is a charge on the wife's separate estate, he can set forth in this answer a description of the property on which he claims the lien.

The issue was tried by a jury, and a verdict returned, finding in favor of this defendant something less than the $16 that had been tendered to him. The amount being paid into court, a decree was entered setting aside the judgment in the justice's court, and refusing to decree costs in favor of either party.