NEWYORK,
May, 1816.

PIERCE
v.
SHELDON.

</div>

<div align="center">Judgment for the plaintiff.</div>

<div align="center">━━━◦:※:◦━━━</div>

<div align="center">PIERCE *against* SHELDON.</div>

IN ERROR, on *certiorari* to a justice's court.

This was an action of trespass on the case, brought by *Sheldon*, the plaintiff below, against *Pierce*, a constable, for the amount of an execution delivered to him to be served, and which he had neglected to serve, or return, within the time limited. The defendant below insisted that the proper form of action was *debt*, and that the justice had no right to try the cause, because he was the father-in-law of the plaintiff. Both these objections were overruled, and judgment was given for the plaintiff below.

Whether it is a valid objection to a justice of the peace trying a cause, that one of the parties is his son-in-law? *Quære.*

An action against a constable, for not serving or returning an execution in a justice's court, must be debt; if the action be brought in any other form, the judgment will be reversed.

*Per Curiam.* Whether the justice was legally *disqualified,* on the ground that the plaintiff below was his son-in-law, is, perhaps, questionable; but the gross indecency of an exercise of his judicial power, in such a case, should induce this court to scrutinize his proceedings with a jealous eye.

This suit was brought under the 13th section of the 25 dollar act, (1 *R. L.* 395,) which provides a remedy, expressly, " *by action of debt.*" The objection to the form of action was, therefore, well taken, and the judgment ought to be reversed.

<div align="center">Judgment reversed.</div>