Edwards v. Russell.

### EDWARDS *vs.* RUSSELL.

Where a *justice of the peace* has inadvertently issued process, or proceeded in the prosecution of a suit in which he is related to one of the parties by consanguinity or affinity, it is his duty on his attention being called to the fact to suspend all further proceedings ; he cannot on that ground render judgment of *non-suit*, if the plaintiff be his relative, and if he does render such judgment, it will be *reversed*.

ERROR from the Broome common pleas. Russell commenced a suit by *summons* against B. & C. Edwards in a justice's court. After issue joined and the return of a *venire* sued out at the request of the defendants, the defendants moved for a *nonsuit*, on the ground that the plaintiff and the justice were *cousins*, offering to prove the fact should it be denied. The justice returned that he answered that such was the general understanding, and that after some arguments on both sides he rendered judgment against the plaintiff for two dollars and forty cents costs of suit. The plaintiff sued out a *certiorari* removing the proceedings into the Broome common pleas, which court *reversed* the justice's judgment. The defendant sued out a writ of error.

---

Edwards v. Russell.

*L. Badger*, for plaintiffs in error.

*F. G. Wheeler*, for defendant in error, insisted that the justice having no jurisdiction, his judgment was void, and the C. P. decided correctly in *reversing* it.

*By the Court*, COWEN, J. It is declared by statute that " no judge of any court *can sit* as such in any cause to which he is a party, or in which he is interested, or in which he would be excluded from being a juror by reason of consanguinity or affinity to either of the parties." 2 R. S. 204, § 2, 2d ed. It is not denied that this applies to a justice. But it is said, first, that no proof of relationship was given, and the justice could not take judicial notice of it. Enough is collectable from the return, to warrant us in saying that it was admitted. I think, however, he may withdraw himself on his mere suggestion, and such is the uniform course with other judges. In the case of a justice, as long ago as August, 1821, this court acted on his admission that he was the son-in-law of the plaintiff, as an auxiliary ground for reversing his judgment, *Bellows* v. *Pearson*, 19 Johns. R. 172. The statute is directory; and doubtless had reference to the practice. The process sometimes goes on in the court of a judge to whom the party is related, where there are other judges having power; but where there are none other, as in case of a justice, he can not issue process. Such an act would be nugatory and void, for he can not sit even to receive the return. The objection meets him at the threshold; and if he issue process inadvertently, he ought simply to withdraw himself from the cause. *He cannot sit*, says the statute. The meaning is, not merely that the interests of the parties are unsafe, but the general interest of justice. Decency forbids that he should be seen acting either for or against his father, brother or cousin, &c.

It is said very plausibly that the party sued and who is not connected, ought not to be deprived of his costs; and therefore the judgment of non-suit should have been allowed to stand. That would be true, if his interest alone had been regarded by the statute. But I can not bring myself to

think that its reasons were so narrow. The same thing might be said of a suit commenced before a tavern keeper, having no jurisdiction until it is seen that he is forbidden to act upon grounds of public policy. Any *judgment* rendered by him is, therefore void. *Low* v. *Rice,* 8 Johns. Rep. 409. *Clayton* v. *Per Dun,* 13 id. 218. So here, I think the judgment was properly reversed by the C. P., whose judgment is, therefore, affirmed: