By the JCmrt, Cowen, J.
It was said by counsel in behalf of the motion, that a party and juror having married sisters, would be no cause of challenge: but I presume hastily; for it is put among the commonest cases in the books, as an instance of affinity which disqualifies. It was holden very early, on writ of error to parliament, that the sheriff’s wife being sister to the plaintiff’s wife, was good cause of principal challenge to the array. (Markham v. Lee, cited in Mounson and West’s case, 1 Leon. 89. Vid. Cain v. Ingham, 7 Cowen, 478, 9, and especially the note *655 to that case.) The same thing is mentioned as the cause of1 challenge to a juror. (Tr. per pais, 188, Land. ed. of 1766. 2 Rol. Abr. 654, pl. 17, S. P.) By 2 R. 8. 204, 2d ed. § 2, no judge can sit who is of such affinity to either party that he might be challenged as a juror; and the statute extends to a justice sitting on the trial of a civil cause. (Edwards v. Russell, 21 Wend. 63.) The judgment rendered by him is there said to be void. It is coram non judice, and may be questioned collaterally. There can be no doubt that the statute extends to the party beneficially interested, as .well as the real party. The objection to the set-off is fatal, and the motion must be denied.
Rule accordingly.