## RANDALL *vs.* HALL.

Where plaintiff in a justice's suit discovers that the justice and defendant are related, and on that ground withdraws his suit, the justice can not render judgment for his own and constable's costs.

ERROR to the common pleas. Randall sued Hall before a justice of the peace and on the return day both parties appeared and issue was joined and the cause adjourned. At the day to which it was adjourned both parties again appeared, when the plaintiff stated to the justice and the defendant that he understood that the defendant and the justice were related, the father of the justice and the mother of the defendant being first cousins. The justice replied that such was the understanding, which statement was not denied by the defendant. The plaintiff then said he should on that account withdraw his suit and he did so, and the justice rendered judgment against him for the costs of the justice and the constable, and such only. Certiorari brought, and in addition to the above facts the justice returns that he was a tavern keeper at the time he rendered the said judgment, having taken out his license after the said suit was commenced but before the judgment was rendered. The common pleas affirmed said judgment.

*By the Court*, BEARDSLEY, J. The judgment of the justice was rendered by him in favor of his second cousin. Their consanguinity was, in effect, admitted on the trial. The judgment was void and should have been reversed by the common pleas. (2 R. S., 275, § 2; *Edwards* v. *Russell*, 21 Wend., 63; *Foot* v. *Morgan*, 1 Hill; 654.)

Judgment of the common pleas and of the justice reversed.