## PLACE *vs.* THE BUTTERNUTS WOOLEN AND COTTON MANUFACTURING COMPANY.

A stockholder in a corporation is a *party* to a suit brought against such corporation. BALCOM, J. dissenting.

A judge, or a justice of the peace, cannot sit as such in a cause to which a corporation is a party, if he be related to a stockholder in such corporation. BALCOM, J. dissenting.

The defendant may prove the existence of such relationship, although there is no plea to the jurisdiction of the justice, or answer setting up the fact to be proved, in order to deprive the justice of jurisdiction.

THIS was an action commenced before a justice of the peace of Otsego county, to recover for work and labor. The defendant, by his answer, denied the complaint, and claimed to set off demands against the plaintiff. On the trial the defendant moved the court to dismiss the action, on the ground, among others, that a brother of the justice was one of the stockholders in the corporation which was the defendant, and offered to prove that such was the fact. The justice refused

to dismiss the action, and excluded the proof offered. The jury rendered a verdict for the plaintiff for $18.67, and thereupon the justice gave judgment against the defendant, who brought an appeal to the Otsego county court. That court affirmed the judgment, and the defendant appealed to this court.

*Benjamin Estes,* for the appellant.

*Charles A. Brown,* for the respondent.

MASON, J. At common law it was no disqualification in a justice of the peace to try a cause that he was related in any of the degrees of consanguinity, or was of affinity to either of the parties. (*Pierce* v. *Sheldon,* 13 *John.* 191. *Eggleston* v. *Smiley,* 17 *id.* 133.) It is declared by statute, with us, that no judge of any court can sit as such in any cause to which he is a party, or in which he would be excluded from being a juror by reason of consanguinity or affinity to either of the parties. (2 *R. S.* 204, § 2, 2*d ed.*) And this statute was held in the case of *Edwards* v. *Russell,* (21 *Wend.* 63,) to embrace a justice of the peace, and to be applicable to courts held by justices of the peace; and that decision was affirmed in the case of *Foot* v. *Morgan,* (1 *Hill,* 654.) Those are both cases where the disqualification arose from the fact that the justice was related to one of the parties within the ninth degree. As there was no disqualification at common law in the justice's trying the case at law, the authority of the justice must be determined by the statute itself. The objection raised to the jurisdiction of the justice in the case at bar is, that his brother is a stockholder in this corporation—the defendant in this suit. The statute declares he shall not sit in a case where he would be excluded from being a juror by reason of consanguinity or affinity to either of the parties. (2 *R. S.* 204, § 2.) The real question in the case is, whether a stockholder in a corporation can be said to be a party, within the meaning of the statute.

My brother GRAY thinks he is, while my brother BALCOM, on the contrary, thinks he is not; and they have each vindicated their opinions by very plausible reasons, to say the least, and I have found myself, while examining the question, sometimes upon the one side and sometimes on the other. I think, however, that my brothers GRAY and BALCOM may be pardoned for differing, and I for doubting, as it is a question over which the most distinguished of our judges in this state have differed. It is a principle of the common law that a judge has no power to decide his own case, or a case in which he is a party to the suit. (*Finch's Law*, 19. 4 *Co. R.* 118. *Wingate's Maxims*, 170.) By an early statute in this state it was provided, "*that when the chancellor shall be a party to a suit in chancery the bill shall be filed before the chief justice of the state, who shall thereupon proceed in like manner as the chancellor could of right do,*" &c. In the case of *Stuart* v. *Mechanics and Farmers' Bank*, (19 *John.* 495,) which was the case of an appeal from the chancellor, it appears from the report of the case, page 501, that when the case came on to argument before Chancellor Kent, he stated to the counsel that he was a stockholder in the Mechanics and Farmers' Bank—the defendant in the suit; and referring to the above statute, which declares that when the chancellor shall be a party to a suit in chancery the bill shall be filed before the chief justice, declared himself in doubt whether he had jurisdiction of the case; but the argument was proceeded with, upon the understanding that the chancellor should call upon Chief Justice Spencer for his opinion in the case and confer with him upon the question. He did so, and the chief justice declared his opinion that the chancellor was not a party within the meaning of the statute, and that the chancellor had exclusive jurisdiction in the case. In this opinion the chancellor concurred, and went on and decided the case, and made a decree therein. This case was decided by Chancellor Kent, in May, 1821. This same question came before Chancellor Kent's successor, one of the most learned and pure minded jurists that ever presided in that court. In

1823, in the case of *The Washington Ins. Co.* v. *Price,* (1 *Hopkins,* 1,) when the cause was moved, the chancellor informed the counsel of the parties that he was· a stockholder in the corporation, which was the plaintiff in the suit, and that, according to the opinion which he then entertained, he could not hear the case; and expressed a desire that the question be argued, but the counsel declined, and the chancellor took the case, and, in a very chaste and elaborate opinion, devotes himself very closely to ·the question whether, under the statute which declared that when the chancellor shall be a party to a suit in chancery, the bill shall be filed before the chief justice, he, the chancellor, had jurisdiction, and came to the conclusion that the bill must be filed before the chief justice. He refers to the case of *Stuart* v. *The Mechanics' and Farmers' Bank,* (19 *John.* 501,) and declares that while he entertains the highest respect for his predecessor and the chief justice, and while he has delighted to honor them for the ability, intelligence and integrity with which they have discharged their respective trusts, and while he has felt that he had strong authority when able to produce their opinions in support of his own decision, yet so clear and undoubting was he in the opinion that the chancellor, being a stockholder, was a party to the suit, within the spirit and meaning of the statute, that he could not surrender it to the opinion of these two distinguished jurists, and declined to entertain the case; and expressed the opinion that the chief justice had exclusive jurisdiction in the case. I am convinced that Chancellor Sanford was right in not following the decision of his predecessors; and in refusing to entertain the case. I am greatly strengthened in this conclusion by the case of *Foot* v. *Morgan,* (1 *Hill,* 654,) where the court held that the statute extended to the party beneficially interested, and included the real party in interest, although he was. not a party in fact to the suit.

The decision of the chancellor in 1 *Hopkins,* 1, is, in my judgment, decisive of the case at bar, and ought to guide us in the construction of a similar statute, which declares "that .

no judge of any court can sit as such in any case in which he would be excluded from being a juror by reason of consanguinity or affinity to either of the parties." Now if a stockholder is deemed a party to the suit, within the intent and mischief of this statute, then it is very clear that the justice had no right to try this suit; for he is disqualified to sit as a juror where his brother is a party. (*Post* v. *Black*, 5 *Denio*, 66.) I am inclined, therefore, to hold that this statute disqualifies a justice of the peace to sit in a case where a corporation is a party and his brother is a stockholder therein. I have examined the case of *The Bank of Lansingburgh* v. *McKie*, (7 *How. Pr. Rep.* 360,) where a different view was taken of this statute by Justice Harris; but as that is a special term decision, it is not to be followed by us *in banc*, unless we are satisfied it is rightly decided. And I am constrained for this reason to repudiate the case as authority, and I advise that the judgment of the county court and that of the justice be reversed.

H. GRAY, J. By statute, no judge of any court can sit in a cause in which he would be excluded from being a juror by reason of his consanguinity or affinity to either of the parties. (2 *R. S.* 204, § 2, 2*d ed.*) This prohibition comprehends all courts, including as well a court held by a justice of the peace as the court of last resort. (*Edwards* v. *Russell*, 21 *Wend.* 63. *Foot* v. *Morgan*, 1 *Hill*, 654. *Oakley* v. *Aspinwall*, 3 *Comst.* 547.) Before the commencement of the trial the defendant asked the justice to dismiss the cause, upon the ground that the justice's brother was a party defendant, being one of the stockholders in the company sued, and offered to prove the fact upon which the motion was based. The justice excluded the offer, and overruled the motion. This ruling is sought to be upheld upon two grounds: 1st. That a stockholder in a corporation sued is not a party to the suit, within the meaning of the statute referred to. 2d. That the offer made was properly rejected upon the ground that no issue was made by the pleadings, involving the jurisdiction of the justice.

The plaintiff assumes that in order to disqualify the justice from sitting he must be related, within the forbidden degree, to the party on record, or that the suit must have been defended, in the strictest sense, for the immediate benefit of his relative; and for the purpose of showing that the justice's brother is not either a party to the record or a person for whose benefit the suit is defended, we are referred to a class of cases arising under sections 298 and 390 of the code, prohibiting the exclusion of a witness by reason of his interest in the event of the action unless he is a party to the action, or a person for whose immediate benefit the action is prosecuted, or defended. In *Pack* v. *The Mayor of New York*, (3 *Comst.* 493,) Bronson, justice, citing the code, says, interest alone, however direct, is no longer a ground of excluding a witness. In the case of *The Montgomery County Bank* v. *Marsh*, (3 *Seld.* 481,) it was held that a stockholder was not a person for whose immediate benefit the action was prosecuted. The learned judge who delivered the opinion of the court did not reason the case, but thus declared the law. In *Freeman, executor*, v. *Spalding*, (2 *Kern.* 373,) a legatee of the testator was held to be a competent witness, upon the ground that the code only excluded persons who are absolutely entitled to the proceeds of the litigation, not those who are ultimately entitled to receive them from the party to the action. The learned judge, who delivered the opinion of the court, held that the code applied to a person into whose hands the money collected will necessarily go when it is received, or to the person who might take it from the sheriff or attorney as his own; that it does not apply to one into whose hands the money cannot go immediately, and hence does not apply to a stockholder, although he has an immediate and certain interest in it, which may ultimately carry it into his hands. These cases have given the statute admitting interested witnesses a liberal construction in favor of the party calling them, and have settled the law in substance to be, that however clear and direct the interest may be in sustaining the defense, if an execution for

the recovery cannot issue against the witness, the defense is not for his immediate benefit; or if he has not a right to take the sum recovered by the party calling him immediately from the officers of the court, although he may be entitled to the proceeds of it directly from the party, he is not a person for whose immediate benefit the action is prosecuted. Technically speaking, the justice's brother, though a stockholder, is not a party to this suit, for the reason that he is not named upon the record. His interest is merged with that of others in corporate stock; all of whom act as one person through the officers that represent them. Each, to a certain extent, has lost his individuality, and all, by fiction of law, are known as one person, by a corporate name, by which they prosecute and defend. If unsuccessful, no one of them is liable to execution against him personally; if successful, neither has the right to take the money from the officers of the court; but where a director is to be chosen, or a dividend is declared, or the stock has increased in value by reason of the recovery, he becomes again a real person, and may, as an individual, assert and maintain his right to vote, to his dividend if he pleases; and avail himself of the enhanced value of his stock in market.

The charge of the law in relation to the admissibility of witnesses should increase rather than diminish the anxiety of courts so to administer the laws intended to secure impartial trials, as to exclude from the jury box those who are not free from bias or partiality to the party beneficially interested. Interest in the event, in proportion to its different degrees, goes to the credit of the witness; and the only safeguard against its mischievous consequences is, that the evidence is to be weighed and all proper allowances made on account of interest by an impartial court or jury; and no one should sit as a judge or juror who is within the forbidden degrees of consanguinity to the party beneficially interested, unless the interest is so remote and contingent that there is no apparent danger of bias. Whether the party interested can take the recovery from the officers of the court, as his own, or is liable

to an execution upon the judgment recovered, is no real test of the degree of interest he may have in the controversy. He may have a small immediate interest and a less ultimate one; or he may derive no immediate benefit, and still have a fortune at stake. Some of the stockholders in the New York Dry Dock Bank, in the recent controversy between that institution and the American Life Insurance and Trust Company, (3 *Comst.* 344,) offered an illustration of the partizan interest and direct benefit stockholders derive from a litigation prosecuted in their corporate name, and of the almost imperceptible difference in point of time between the immediate benefit to the party on record and the ultimate benefit of the stockholders who were beneficially interested. The party on record was a mere legal entity created by law. The stockholders were the only persons, connected with it, having any substantial interest. Take that case as an illustration, under our liberal laws for the admission of interested witnesses; allow the stockholders to testify to the usury there set up, and their brothers to sit as jurors, and nothing would remain to be done to shock the moral sense of the public. A tribunal thus constituted would not, with any truth or sense of propriety, be called a tribunal of justice. Or, in the case of *Freeman* v. *Spalding,* (*supra,*) let the brother of the legatee who was a witness sit as a judge, and unless divested of the frailties common to his race, the chances of injustice would not be diminished. The law, as drawn, is in nowise discourteous to jurors, as between parties who take the recovery directly from the officer of the court, and those who as between them and the party in whose favor the recovery is had, is entitled to it. The party who takes it from the court, or its officers, holds it for the benefit of the other whose corporate riches are increased by it. Nor does it limit the prohibition to relations of the parties on the record : if the justice be related to the parties beneficially interested, though not a party to the record, he cannot sit. (*Foot* v. *Morgan,* 1 *Hill,* 654.) Nor can he sit if related to the party on record, within the forbidden degrees, though he fully indem-

nified against all costs and damages and urged to sit by the other side. (*Oakley* v. *Aspinwall*, 3 *Comst.* 547.) I cannot concur in the opinion expressed in the case of the *Lansingburgh Bank* v. *McKie*, (7 *How. Pr. Rep.* 360.) A stockholder in a bank has no certain òr immediate interest in the event of a suit prosecuted or defended by the bank, and hence is not a party beneficially interested. Although frequent instances have occurred of the insolvency of banks and manufacturing companies, they are not so frequent in proportion to the number engaged in their respective enterprises that they, more than an individual, should be presumed to be insolvent. The presumption of law is in favor of individual solvency. (*Ingals* v. *Lord*, 1 *Cowen*, 240.) And as a general rule, presumptions which can apply to corporations as well as individuals, apply alike to both, in a gain or loss; and in a solvent corporation each stockholder has a certain interest, though not certain as to amount; and it may be immediate, though not necessarily so. The decision of the justice in this case was against the interest of his brother; that, however, does not change the question. His relationship to a party beneficially interested was a legal prohibition of his right to sit. The presumption of bias could not be repelled by his impartial acts, for the reason that he had no right to act. (*Oakley* v. *Aspinwall*, 3 *Comst.* 547.) We are not, therefore, called upon to determine whether he acted well or ill; the meaning of the statute, says Cowen, justice, in *Edwards* v. *Russell*, (21 *Wend.* 64,) is not merely that the interests of the party are unsafe, but the general interests of parties. The points made by both parties show that the want of an issue in the pleadings, involving the jurisdiction of the justice, was an after-thought and raised now for the first time in the cause, to uphold his ruling in excluding the offer to prove him to be the brother of one of the parties beneficially interested. No issue was necessary, for the reason that his acts were void; and whether the objection was raised on the trial or not, they could be inquired into collaterally. In *Edwards* v. *Russell* there was no

issue involving the relationship; but after issue, as in this case, the objection was raised that the plaintiff and the justice were cousins. No evidence was given, but the justice said it was alleged by the objectors that he and the plaintiff were cousins; that such was the general understanding, and gave judgment against the plaintiff for costs. This court acted upon what was said by the justice, and held that enough was collectable from the return to warrant the conclusion that the relationship was admitted by him, and affirmed the judgment. In *Post* v. *Black*, (5 *Denio*, 66,) nothing was said on the trial touching the alleged relationship, but the affidavit upon which the certiorari was allowed stated the relationship, and the justice in that case, as in duty bound, stated his relationship to the party, and the judgment was reversed. All that is necessary to be known to overturn the judgment in such a case is, that the justice is related to one of the parties, and it matters not how or when it is shown, provided it comes in such shape as to entitle it to credit. No issue was necessary to admit the proof offered. (2 *Cowen's Treatise*, 3d ed. 334.) I am, therefore, of opinion that the judgment of the county court, and that of the justice, should be reversed.

BALCOM, J., dissenting. The return of the constable, indorsed upon the summons, is to the effect that the same was personally served by him on the 9th day of August, 1855, by delivering a copy of the same to James R. Morris, president of the company, and Stephen Estes, clerk. The return was sufficient to give the justice jurisdiction of the defendant. (*The New York and Erie Rail Road Co.* v. *Purdy*, 18 *Barb.* 574.) The service of the summons on the defendant's clerk was a nullity; (5 *How. Pr. Rep.* 183; 6 *id.* 308;) but the service of it on the defendant's president was all the service that the code requires. (*Code*, § 134, *sub.* 1. 9 *How. Pr. Rep.* 448.) Such a service is expressly made applicable to summonses issued by justices of the peace. (*Code*, § 64, *sub.* 15.)

After the plaintiff presented her complaint to the justice,

the defendant's attorney said he "appeared first preliminarily" for the purpose of objecting to the service of the process on James R. Morris, as he was not the president of the company. The defendant then called Stephen Estes, upon the point, who testified that Morris had parted with his stock in the company, and all of it, since he was elected president, and that there had been no president elected since January, 1855. The defendant then admitted the character in which the suit was brought to be correct, and put in an answer, in writing, to the complaint, and the cause was thereupon adjourned by consent of the parties, without any request being made by the defendant to the justice to dismiss the action by reason of the alleged irregular service of the summons upon Morris after he had ceased to be president of the company.

The defendant's counsel now insists that the judgment in the action should be reversed, for the alleged irregularity in the service of the summons upon Morris, after he had sold his stock in the company. I am of the opinion the defendant waived the alleged irregularity, by answering the complaint, without asking for a dismissal of the action, after the facts had been proved, which counsel now claims authorized the judge to dismiss it. (*Onderdonk* v. *Ranlett, 3 Hill,* 323.) If the defendant intended to persist in the objection to the regularity of the service of the summons, its attorney should have asked the justice to rule upon the question, after he had proved the facts upon which the objection was based, and before he put in the answer. The justice could not dismiss the action before such proof was made; and he was not obliged to do it afterwards, if the objection was well founded, for the reason that he was not called upon so to decide. He had the right to infer that the point was waived, as the defendant's attorney presented the answer to the complaint after the alleged irregularity was shown, and then consented to an adjournment of the cause to a future day, without requiring him to decide the question as to the regularity of the service

of the summons. The proceedings of the justice, touching this point, were therefore regular, and should be upheld.

On the adjourned day, after the parties had appeared and answered, the defendant's attorney asked the justice to dismiss the action, on the ground that the process should have been served on each member of the corporation, instead of in the manner it was served ; also, on the ground that the justice had a brother who was a stockholder in the company that was the defendant in the action ; and the defendant's attorney offered to show that fact; also, on the ground that the justice had not jurisdiction of the case. The justice overruled the objections, and refused to discontinue the action, and excluded the defendant's offer.

The first ground of this motion to dismiss the action had been previously waived, as has already been shown. The other ground will now be considered. The statute by which the question must be determined, is in these words, to wit : " No judge of any court can sit as such in any cause to which he is a party, or in which he is interested, or in which he would be excluded from being a juror, by reason of consanguinity or affinity to either of the parties." (2 *R. S.* 275, § 2.) It was held in *Edwards* v. *Russell,* (21 *Wend.* 63,) that this statute applies to justices of the peace. In *Foot* v. *Morgan,* (1 *Hill,* 654,) it was held that a justice of the peace could not give judgment in a cause, if he was related to *the party beneficially interested* in the subject matter of the action. But there is no case holding that a justice of the peace, or a judge, cannot sit as such in a cause to which a corporation is a party, though he be related to a stockholder in such corporation. A single stockholder is not *the party in interest* on the part of the corporation. His interest is limited and remote, and not full and immediate. The statute is not comprehensive enough to prevent the brother of a stockholder in a corporation sitting as a justice or judge in a cause to which such corporation is a party. The decision in the *Bank of Lansingburgh* v. *McKie,* (7 *How. Pr. Rep.* 360,) is to this

effect. And inasmuch as there is no common law rule that disqualifies a justice of the peace or a judge from sitting as such in a cause, by reason of his relationship to a party or party in interest, the justice before whom this action was tried committed no error in giving judgment for the plaintiff, although he was a brother of a stockholder in the company that is the defendant; and he did right in rejecting the defendant's offer to show such fact.

It becomes unnecessary to examine the point made by the plaintiff's counsel, that the proof was properly rejected, because there was nothing in the answer of the defendant raising the question as to the jurisdiction of the justice.

The judgment of the county court should be affirmed.

Judgment of the county court and of the justice reversed, with costs.

[TIOGA GENERAL TERM, May 12, 1857. *Mason, Gray* and *Balcom,* Justices.]