THE PEOPLE OF THE STATE OF NEW YORK EX REL. ALFRED LAWRENCE, RESPONDENT, v. ELIAS MANN AND WILLIAM FERBER, APPELLANTS.

*Constitution, art. 6, sec. 13 — a justice of the peace cannot hold office after he is seventy years of age.*

The last sentence of section 13 of article 6 of the Constitution, providing that " no person shall hold the office of justice or judge of any court longer than, until and including the last day of December next, after he shall be seventy years of age," is applicable to justices of the peace. (PRATT, J., dissenting.)

APPEAL from an order made at a Special Term, directing that an absolute writ of prohibition issue, commanding the respondents to desist from any further proceedings in an action brought by the respondent Ferber against the relator, before the respondent Mann, a justice of the peace.

The question involved was whether or not the respondent Mann, being nearly seventy-three years of age, had any right to act as a justice of the peace.

*J. S. Millard,* for the appellants.

*W. H. H. Ely,* for the respondent.

BARNARD, P. J.:

By section 13 of article 6 of the Constitution of New York, it is provided : " But no person shall hold the office of justice or judge of any court longer than until and including the last day of December next, after he shall be seventy years of age." The question presented is whether this provision includes the class of justices of the peace of the State. There is no real authority upon the question. The article of the Constitution in question seems to refer only to judges of the Court of Appeals and to justices of the Supreme Court. At least those judges only are named in it. It has been decided, however, that the prohibition as to age did apply to county judges, although not named in the article (*People ex rel. Joyce* v. *Brundage,* 78 N. Y., 403), and that it did not apply to county judges who were in office at the adoption of the Constitution. (*People ex rel. Davis* v. *Gardner,* 45 N. Y., 812; S. C., 59 Barb., 198.) It was held in *Dohring* v. *The People,* that justices of the peace were not within the proviso of the Constitution limiting the tenure of the judicial office to seventy years of age. (2 N. Y. Sup. Ct. [T. & C.], 458.) This case was affirmed in the Court of Appeals, but without touching the point under consideration. (*People* v. *Dohring,* 59 N. Y., 374.) In this case a justice of the peace sat upon a criminal trial, but being a *de facto* officer the judgment would be upheld on that ground. (*Nelson* v. *The People,* 23 N. Y., 296.) The words of the Constitution are broad enough to cover justices of the peace, but neither the Constitution or the law under it has called for a certificate of age from these officers, while it does so from judges of courts of record. The prohibition is not weakened by this omission if a justice of the peace was designed to be included in the article. The limitation would reach the term and end it by its own force. The words are sufficiently comprehensive to cover justices of the peace. The reason of the prohibition applies to all judicial officers, and the terms used have been . passed upon by the courts before the Constitution was adopted, and were held to cover justices of the peace. By 2 Revised Statutes, 275, it was provided that " no judge of any court can sit as such in any cause to which he is

a party, or in which he is interested, or in which he would be excluded from being a juror, by reason of consanguinity or affinity to either of the parties." This section was held to cover justices of the peace. (*Edwards* v. *Russell*, 21 Wend., 63 ; *Foot* ·v. *Morgan*, 1 Hill, 654 ; *Place* v. *Butternuts Woolen, etc., Mfg. Co.*, 28 Barb., 503.) The rule at common law was otherwise. (*Pierce* v. *Sheldon*, 13 Johns., 191 ; *Eggleston* v. *Smiley*, 17 id., 133.)

The order should be affirmed.

DYKMAN, J., concurred.

PRATT, J :

Elias Mann was elected a justice of the peace of the town of Greenburgh, Westchester county, for a term of four years commencing January 1, 1884. He was seventy years of age on the 11th of July, 1881. The question presented is, whether he can be permitted to discharge the duties of the office ?

We think the constitutional restriction under consideration was not intended to apply to the justices of the peace. It is true that the language used is broad enough to include this class of officers, and it has been held that the language used is not to be restricted to the judges mentioned in the immediate context. (*People ex rel. Joyce* v. *Brundage*, 78 N. Y., 403.) But upon an examination of the discussions in the constitutional convention and the contemporaneous legislation, it is clear that the restriction was intended only to place the limit of age upon the comparatively very extended term which the convention adopted, in order to guard against the possible evil which might arise out of such extension. It was in this view that the disability of age was adopted instead of prohibiting the election of those who were too old to serve out a full term. Two acts of the legislature, to wit, chapter 86, Laws of 1870 and section 54 of the Code of 1877, may fairly be claimed to imply a legislative construction of section 13 of the judiciary article that it applies at farthest to only judges of courts of record.

The judge at Special Term put his decision upon the ground that the words in section 13, " but no person shall hold the office of justice or judge," include justices of the peace. We think this was erroneous, upon the principle that constitutions are not to be interpreted according to the words used in a particular phrase.

Constitutions derive their force and authority from ratification by the people, and are to be judged as they were understood by the framers and the people who adopted it. In this view the whole instrument must be considered to ascertain the sense in which the words were employed. (*Manly* v. *State*, 7 Md., 135.)

The subject under consideration when the section in question was framed related clearly to judges of courts of record, and the office of justice of the peace was not mentioned, but was referred to in other sections. This renders it clear that the general words "no person" were intended to be applied to the class of judges and justices enumerated in section 13, and that the section is to be construed as though it read "no person" (so elected) shall hold office after he shall be seventy years of age. That the restriction does not apply to justices of the peace seems clear not only from a fair interpretation of the Constitution, but it is in harmony with contemporaneous legislative enactments and accords with the practical construction adopted by state officers in carrying out the laws upon this subject.

The order must be reversed, with costs and disbursements.

Judgment affirmed, with costs.