## *In re* REDDISH.

*(Supreme Court, General Term, Third Department.* September 24, 1888.)

JUDGE—DISQUALIFICATION—CONTINUED CAUSE—ADJUDICATION BY SUCCESSOR.
 Under Code Civil Proc. N. Y. § 46, prohibiting a judge from taking part in the decision of a cause or matter in which he is interested, a judge who is a director and stockholder of a bank which is one of the petitioning creditors for the removal of an assignee cannot act on such removal; and, the judge having issued an order to show cause in such proceeding, and then having resigned his office before final adjudication, the proceeding is not properly before the court for determination by his successor.

Appeal from Montgomery county court; BORST, Judge.
This is an appeal from an order denying a motion by Edward J. Maxwell to vacate an order removing him as assignee of John Reddish, an insolvent debtor, and an appeal from the order of removal.
Argued before LEARNED, P. J., and LANDON and INGALLS, JJ.
*W. G. Maxwell,* (*N. C. Moak,* of counsel,) for appellant. *Geo. B. White,* for respondent.

LEARNED, P. J. Chapter 466, Laws 1877, in most of its sections, speaks of proceedings as before "the county judge." But sections 22, 25, and 26 seem to indicate that the proceedings authorized by the act are in the county court, and not before the judge as a mere officer. Section 25 especially says that

any proceedings under the act shall be deemed, for all purposes, to be a proceeding had in the court as a court of general jurisdiction. It would seem, therefore, that sections 52 and 53 of the Code do not apply to this case. We must look at the proceeding as one pending in the county court.

It appears, then, that an order to show cause was made by Judge WESTBROOK, October 27, 1887, returnable November 7th. Affidavits seem to have been made and presented after that date, and the matter was kept open till December 3d. On that day, it is insisted by the assignee, the matter was finally submitted. On the other hand, the attorney for the petitioners says that it was adjourned to January 7, 1888. He says that a memorandum showing such adjournment is attached to his affidavit; but no such memorandum is in the printed papers. On the 1st day of January Judge WESTBROOK resigned, and Judge BORST was appointed county judge, in his place. On the 7th of January a message was sent from Judge BORST to the assignee, asking him to come to the judge's office. The assignee did so, and was informed that Judge BORST had some papers left by Judge WESTBROOK, undisposed of, and wished to know what the assignee proposed to do. The assignee said he understood the matter had been argued and submitted before Judge WESTBROOK, and that he did not recognize Judge BORST's authority, and went away. The attorney for the petitioners says that he appeared on the 7th of January before Judge BORST, pursuant to the aforesaid adjournment, and submitted the case for the petitioners. On the 12th of March Judge BORST granted an order, entitled of the 7th of January, removing the assignee, which was served the 17th. The assignee then moved on notice before Judge BORST to set aside this order. This was opposed, and was denied May 12th. From this order the assignee appeals.

The assignee says that on the hearing before Judge WESTBROOK he insisted that Judge WESTBROOK was disqualified, because he was attorney and counsel of the First National Bank of Amsterdam, one of the petitioners, and also a stockholder and director of said bank, which facts the assignee asserts; and he says also that Judge BORST became at the time of his appointment a partner of Judge WESTBROOK in his law business, and is one of the legal advisers of the bank. It is denied that Judge BORST is the legal adviser of the bank. The attorney for the petitioners denies on information and belief that at the time of instituting the petition Judge WESTBROOK was attorney or counsel of the bank. The other allegations, that Judge WESTBROOK was a stockholder and director, do not seem to be denied; and a summons is shown, dated October 14, 1887, in which the bank is plaintiff and this assignor defendant, which is signed by Judge WESTBROOK as plaintiff's attorney. It seems, then, to be admitted that Judge WESTBROOK was interested in this matter at the time it was presented to him, as being a director and stockholder of the bank, which was one of the petitioning creditors for the removal of the assignee. Thus he was disqualified. Code, § 46; *In re Manufacturing Co.*, 77 N. Y. 107. It then was his duty to make the certificate provided for by section 342, and therefore (as there was no special county judge) the proceeding would have been removed to the supreme court.

Now, evidently, by the affidavit, even of the attorney for the petitioners, this matter was argued before Judge WESTBROOK, although, perhaps, not fully argued. And it is because he did hear it, and did (as that attorney claims) adjourn it for a further hearing, that the petitioners now insist on the authority of Judge BORST. But, in the view above stated, Judge WESTBROOK was disqualified, and his acts had no validity. It was not necessary that the assignee should make the objection. A judgment of this general term, a few years ago, was set aside by the court because one of the judges was by marriage related to both the parties within the ninth degree; a fact of which he was ignorant, and which neither of the parties had mentioned on the assignment. Judge BORST, as successor to Judge WESTBROOK, could

only succeed to jurisdiction of such cases as were lawfully in the court when Judge Westbrook resigned. This proceeding was not lawfully there at that time. It may be unnecessary to consider what would have been the proper course to follow. It is our impression, however, that, whether the proceedings were properly before Judge Westbrook or not, yet, in the half-argued and half-considered condition of the case, it could have been brought up only by a new notice of hearing served on the assignee or his attorney for some definite time before the county court then held by Judge Borst. The proceeding was like a case half tried. If the attorney for the petitioner had given formal notice that he would present the petition and affidavits previously served at such a time and place, the matter could have been easily and legally disposed of. It was not for the county judge to give notice to the assignee of his intention to go on with a half-argued case. The order appealed from must be reversed, with $10 costs and printing disbursements, and the assignee's motion granted, vacating the order of January 7th, with $10 costs; but this is without prejudice to any similar motion.

LANDON and INGALLS, JJ., concur.