IN THE MATTER OF THE PROBATE OF THE LAST WILL AND TESTAMENT OF JOHN HANCOCK, DECEASED.

*Surrogate — he cannot admit a will to probate if he be indebted to the estate — 2 R. S., 275, sec. 2 — Code of Civil Procedure, sec. 46.*

After a decree of the surrogate of Rockland county, admitting a will to probate, had been affirmed on appeal by the General Term and the Court of Appeals, it was discovered that the surrogate was, at the time of making the decree, largely indebted to the estate by reason of his having wrongfully converted to his own use securities of the estate deposited with him at the commencement of the litigation.

*Held,* that the surrogate in office at the time of such discovery properly granted an application to set aside the probate of the will and grant a new trial, on the ground that the first surrogate was, by reason of his interest in the matter, disqualified from hearing or determining it.

APPEAL from an order or decree made by the surrogate of Rockland county, vacating, setting aside and declaring null and void a decree made by the late A. Edward Suffern, November 10, 1879, while surrogate of the said county, admitting the will of the late John Hancock to probate.

The decree of the surrogate had, prior to the making of this application, been affirmed by the Supreme Court and the Court of Appeals.

The opinion of the Supreme Court at General Term is reported in 22 Hun, 39 (*sub. nom. Swenarton* v. *Hancock*).

*Amos G. Hull*, for the appellant James M. Allen, Executor, etc.

*Rufus L. Scott*, for the appellant A. Stewart Walsh, Executor, etc.

*James W. Field* and *Kissam & Embury*, for the appellants Isabella C. Thacher, Hannah Thacher, Josephine C. Lindsley and The Orange Orphan Asylum and others.

*Walter H. Sharpe*, *Charles H. Williams* and *S. M. Parsons*, for the respondent J. W. Hutton.

DYKMAN, J.:

After this cause had traveled on an appeal from the Surrogate's Court through the Supreme Court and the Court of Appeals, it was discovered that the surrogate who adjudicated the validity of the will and the invalidity of the codicils was a debtor to the estate of the testator in a very large amount.

The indebtedness arose in this wise. At the commencement of the litigation over the will, the securities and evidences of debt of the testator went into the hands of the surrogate, and he wrongfully reduced many of them to money which he appropriated to his individual use.

On the discovery of these facts, application was made to the surrogate, then another incumbent of the office, for a new trial, on the ground of the disqualification of the former surrogate by reason of interest. The motion was granted, and from the order we have this appeal.

By a wise legislative provision, a surrogate is now invested with power to set aside a decree or order, or grant a new trial on sufficient cause. (Code Civil Procedure, sec. 2481, sub. 6.)

There is, therefore, no question of the power of the surrogate to make the order appealed from; and on this appeal the General Term of the Supreme Court has the same power as the surrogate, and his determination must be reviewed as if an original application was made thereto.

The motion for a new trial and rehearing proceeds on the theory that the surrogate was under disability arising from interest, and that all proceedings before him are *coram non judice* and void It is in the Revised Statutes that " no judge of any court can sit as such in any cause to which he is a party or in which he is interested." (2 R. S., 275, sec. 2.)

The Code provision is, " A judge shall not sit as such in  *  *  * a cause or matter  *  *  *  in which he is interested." (Code Civil Procedure, sec. 46.)

These are but re-enactments of the maxim of universal justice, that no person shall sit as judge where he has an interest. The principle has had place in every system of civilized jurisprudence, and removes officers clothed with judicial functions from the influence of self-interest. It maintains purity and impartiality in the administration of justice, and saves its ministers from reproach and disrepute.

The law institutes no inquiry to determine whether a judicial officer can overcome the infirmities of human nature, but removes him from his seat and from the case by the peremptory command, thou shall not sit.

If this prohibition be disregarded, his action is void and may be set aside and disregarded, or questioned collaterally. (*Oakley* v. *Aspinwall*, 3 N. Y., 547; *Foot* v. *Morgan*, 1 Hill, 654.)

No restriction on this salutary rule should ever be made. Human nature is frail. " Lead us not into temptation," is a canon of petition worthy of Divine origin, and the purity of the judicial ermine will be preserved best by removing its wearers far from all temptation.

Did the surrogate here have a disqualifying interest? Its size or quality is not material. He was debtor to the estate, and so subject

to all the influences likely to be engendered by that relation; what they were or might be is not for inquiry. By possibility they could induce departure from duty. He had interest in the estate, and on the direction it took, and the hands to which it came, might depend the vigilance or indifference of the effort to gather up the fragments of this once large and compact fortune. He was interested. Had his personal bond been held by the testator at the time of his death, his disability to entertain probate proceedings would have been clear. It was equally so when he became debtor to the estate by conversion of its funds. He was not free and untrammeled, and "all officers clothed with judicial authority should be free from all influences which might by possibility induce bias in the exercise of their duties." (*Darling* v. *Pierce*, 15 Hun, 546.)

This precise point has not been adjudicated in this State so far as we can find, but in our sister State of Massachusetts the question has received determination. In *Gay* v. *Minot* (3 Cush., 352), the probate judge was indebted to the estate of the deceased, and the Supreme Court held that the relation created an interest of a like kind with that of being creditor, and divested the judge of his jurisdiction That the case being *corum non judice*, the probate was void and the executors took no authority under it.

The same principle has been frequently enunciated in strong language in our own courts The prevailing opinion in *Oakley* v. *Aspinwall* (*supra*), contains these emphatic words: "The provisions of our Revised Statutes on this subject profess to be merely declaratory of universal principles of law, which make no distinction between the case of interest and that of relationship, both operating equally to disqualify a judge." He is first excluded by the moral sense of all mankind; the common law next denies him the right to sit, and then the revisers of our law declare that they intended to embody this universal sentiment in the form of a statutory prohibition, and so they placed this explicit provision before the legislature, who adopted it without alteration and enacted it as the law. The exclusion wrought by it is as complete as is, in the nature of the case, possible. The judge is removed from the cause and from the bench.

To the same effect is *Insurance Company* v. *Price* (1 Hop., 1); *Foot* v. *Morgan* (*supra*); *Edwards* v. *Russell* (21 Wend., 63);

*Converse* v. *McArthur* (17 Barb., 410); *Schoonmaker* v. *Clearwater* (41 id., 200). This last case was affirmed by the Court of Appeals, and Judge DENIO, who delivered the opinion of that court, which received the concurrence of all the members, gave full force to the decision in *Oakley* v. *Aspinwall*, and said: "This court must be held to have determined in the case referred to, that a judgment attempted to be rendered by a judge who is disqualified by reason of consanguinity with one of the parties, is void in the most extreme sense known to the law, and therefore entirely incapable of being made good by any omission, waiver or express consent." (1 Keyes, 310; see, also, *People* v. *Tweed*, 50 How., 434; *Matter of Dodge, etc., Mfg. Co.*, 77 N. Y., 107.)

Our conclusion is that the surrogate was under disability by reason of his interest; and the inflexible rule of law renders his action void and of no effect.

The order appealed from should be affirmed, with costs.

GILBERT, J., concurred.

Present — BARNARD, P. J., GILBERT and DYKMAN, JJ.

Order affirmed, with cos